## LOUIS K. PRATT V. JOHN KELLEY.

NEW TRIAL, *Rightly Overruled.* In a cause submitted to the court. after the plaintiff had closed his evidence, the defendant interposed and filed a demurrer thereto. The court sustained the demurrer, and rendered judgment on May 22d, 1878, for the defendant. On May 23d, court adjourned to June 20th, following. On June 20th the plaintiff filed and presented a motion for a new trial, on the ground that the decision was not sustained by the evidence, and was contrary to law. The motion was overruled, because it was not made within three days after the decision was rendered. *Held,* Not error, as the motion was not in time.

*Error from Norton District Court.*

AT the May Term, 1878, of the district court, *Kelley,* as defendant, recovered a judgment against *Pratt,* as plaintiff, who brings the case to this court. The facts are stated in the opinion.

*Louis K. Pratt,* and *Case & Moss,* for plaintiff in error.

*Angevine & Pettigrew,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On January 5, 1871, a judgment was obtained by the firm of Pratt & McGaffrey, against John Kelley, the defendant in error, in the district court of Page county, state of Iowa, for $344.12, and costs. This judgment was duly assigned to Louis K. Pratt, the plaintiff in error, and on November 24, 1877, an action was commenced

on the judgment in the district court of Norton couuty, in favor of said Louis K. Pratt against said John Kelley. The defense was, the statute of limitations.

The case was tried at the May term for 1878, to the court, a jury being waived. After the plaintiff had closed his evidence, the defendant interposed, and filed a demurrer thereto, upon the ground that no cause of action was proved. The court sustained the demurrrer, and rendered judgment for the party demurring. On May 23, the day after the cause was tried, the court adjourned to June 20, following. On June 20, the plaintiff filed and presented a motion for a new trial, alleging that the decision was not sustained by the evidence, and was contrary to law. This motion was overruled by the court, solely on the ground that the motion was not made within three days after the decision was rendered.

We perceive no error in the ruling of the trial court. In *Gruble v. Ryus,* 23 Kas. 195, we held that in order to enable the supreme court to review the decision of the trial court on the demurrer to evidence, it is necessary that a motion for a new trial should be made, and that it should be filed within three days after the decision is rendered. Counsel suggest that a demurrer to evidence, where the case is submitted to the court without a jury, is not within the statute. We think the position clearly untenable. The court renders the same judgment on sustaining a demurrer to evidence, whether a jury has been impanneled or not. A trial proceeds in all respects, so far as applicable, in the same manner when the submission is to the court, as when a jury is sworn; therefore the case of *Gruble v. Ryus,* supra, is in point.

Again, it seems to be intimated, that as the court adjourned from the 23d day of May to the 20th of June, that the plaintiff was unavoidably prevented from presenting his motion within three days. This is a misconstruction of the law. The motion might have been filed during the recess of the court, and the statute would have been complied with. There was no necessity for delaying the filing of the motion to June

20; in fact, this delay was fatal to the consideration of the motion on its merits.

The order and judgment of the district court will be affirmed.

All the Justices concurring.