### The Columbia Land and Cattle Company v. Thomas Daly.—Same v. J. E. Murkins.

1. New Trial—*No Motion—Practice, Supreme Court.* Where the judgment rendered by a district court is not supported by the pleadings filed in the case, and is contrary to the statutes of the state, the judgment upon proceedings in error will be reversed, and no motion for a new trial or exception to the judgment is necessary to bring the case to the supreme court for review.

2. Special Partner—*Authority.* A special partner, under the provisions of ¶ 3992, Gen. Stat. of 1889, has no authority to transact any business on account of the partnership, nor to make the partnership liable for his contracts as such special partner only.

#### *Error from Ellis District Court.*

The opinion states the case. Judgments against the *Company*, on January 8, 1889. It brings the two cases to this court.

*J. G. Waters,* for plaintiff in error.

*Reeder & Reeder, Robert Dunlap,* and *Curtis & Safford,* for defendants in error.

The opinion of the court was delivered by

Horton, C. J.: The same questions are presented in both cases, and therefore we consider them together. The Columbia Land and Cattle Company is a corporation organized under the laws of Colorado. In the first case, Thomas Daly brought his action against that corporation to recover the value of certain goods, wares and merchandise alleged to have been purchased by D. B. Powers, as a "special partner" of the corporation, and also for the amount of certain sight drafts made by D. B. Powers upon H. S. Halley, the general manager of the corporation. The total amount of these claims is $529.70. In the second case, Joseph Murkins brought his action against the corporation, and D. B. Powers, the "special partner," to recover $224.50 for use of a pasture. The corporation in both cases filed verified answers containing

general denials, and also denials that D. B. Powers was a "special partner" or any other partner of the corporation. There was no further appearance on the part of the corporation, and judgment was rendered against it for the several amounts claimed.   The case is brought here by the corporation upon the ground that, under the pleadings, the plaintiffs below were not entitled to recover.

Both of the petitions, as amended, allege that D. B. Powers is a "special partner" of the corporation, and as such partner made the corporation liable for the amount sued for.   A pleading is always construed most strongly against the pleader, and the allegations in the amended petitions concerning D. B. Powers as a "special partner," under the provisions of ¶ 3992, Gen. Stat. of 1889, render the petitions fatally defective.

"A special partner may, from time to time, examine into the state and progress of the partnership concerns, and may advise as to their management; but he shall not transact any business on account of the partnership, nor be employed for that purpose, as agent, attorney, or otherwise.   If he shall interfere, contrary to these provisions, he shall be deemed a general partner." (Gen. Stat. of 1868, ch. 74, § 16.)

The corporation could not be made liable upon the contract or purchase of D. B. Powers as a "special partner."   He had no authority, under the allegations of the amended petitions and the statutes, to bind the corporation or partnership; therefore, upon the amended petitions, the plaintiffs below were not entitled to recover.

Again, the amended petitions alleged a special partnership with Powers under a written contract set up in the petitions. The answer alleged under oath that there was no partnership of any kind, and that the plaintiffs below well knew that there was none when they dealt with Powers, and that he was acting solely upon his own responsibility.   There were no replies filed, and the corporation did not waive anything by appearing at the trial.

In support of the judgments, it is said that no motion for a new trial was made, and no exceptions taken; therefore it is

contended that this court has no errors before it to review or reverse. This is not correct. Where a judgment is not supported by the pleadings, the error is manifest in the record, and can be reversed without any motion for a new trial, and without exceptions being taken to the erroneous judgment. It was said in *Brown v. Tuppeny*, 24 Kas. 29, that "where the error of the court is apparent in the record, no exception is necessary to bring the case to the supreme court for review." (See, also, *Koehler v. Ball*, 2 Kas. 160; *Dexter v. Cochran*, 17 id. 447.)

The judgments will be reversed, and the causes remanded.

All the Justices concurring.