THE DODGE CITY WATER-SUPPLY COMPANY v. THE
CITY OF DODGE CITY.

OBJECTION TO EVIDENCE — *New Trial — Motion, When Unneces-
sary.*  An objection to the introduction of any evidence on the
trial, upon the ground that the petition does not state facts suffi-
cient to constitute a cause of action, raises only an issue of law;
and where such an objection is sustained, a motion for a new trial
is not necessary to review such decision.

*Error from Ford District Court.*

ACTION by the *Dodge City Water-Supply Company*
against the *City of Dodge City*, to recover for water
supplied to the city, etc.   At the September term,
1890, judgment was rendered for defendant, and from
an order denying a new trial plaintiff brings error.
The material facts appear in the opinion herein.

*M. W. Sutton*, for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: The Dodge City Water-Supply Com-
pany brought an action against the city of Dodge City
to recover for water supplied to the city, and also for
the costs of relaying water-mains alleged to have been

made necessary by the action of the city in grading the streets. The petition was in two counts, to which answer was made by the city, after which a reply was filed by the company. Upon the issues thus joined the cause came on for trial; and when the jury was impaneled and sworn and the plaintiff had called its first witness, the defendant objected to the introduction of any testimony by plaintiff under the petition, for the reason that it did not in either of the counts state facts sufficient to constitute a cause of action. This objection was sustained by the court, and the plaintiff then in open court announced that it declined further to prosecute the action. Thereupon the court discharged the jury and rendered judgment dismissing the action at the costs of the plaintiff. Within three days thereafter the plaintiff filed its written motion for a new trial, alleging as a reason that the ruling of the court in rejecting all testimony was contrary to law. The motion for a new trial was not heard until the succeeding term of court, when on motion of the defendant it was stricken from the files upon the ground that the motion was improper and unauthorized.

The only question presented for review arises upon the ruling of the court refusing to entertain the motion for a new trial. Was such a motion authorized or necessary to a review? A new trial is only authorized at the end of a trial for the purpose of re-examining an issue of fact in the same court. (Civil Code, § 306.) The objection to the introduction of any evidence raised no issue of fact, and is not an uncommon method of challenging the sufficiency of a petition. When the objection was made the trial court was simply called upon to determine whether the petition contained facts sufficient to constitute a cause of ac-

tion. The objection to the sufficiency of a petition upon that ground may be taken advantage of by demurrer or by an objection to the introduction of evidence on the trial. (Civil Code, § 91; *Brown v. Mining Co.*, 32 Kas. 528.) The issue raised by the objection was one of law, and in the case of *Ritchie v. K. N. & D. Rly. Co.*, just decided, it was held that a motion for a new trial is not necessary to the review of a decision determining an issue of law. Following the rule there laid down, no error was committed by the court in declining to consider the motion for a new trial and in striking the same from the files. The judgment of the district court will be affirmed.

All the Justices concurring.