THE UNION PARK LAND COMPANY v. GEORGE P.
MURET.

No. 8714.

1. CASE-MADE—*erroneous judgment of strict foreclosure, plead-
ings entitling to ordinary foreclosure, time to make, runs at
once.* Where, under the pleadings, the plaintiff was entitled to
judgment foreclosing a mortgage, and the Court erroneously en-
tered a judgment of strict foreclosure, the defendant, in order to
make a case to present the errors in the judgment to this Court,
was required to make and serve it within three days after the ren-
dition of the judgment, or to obtain within that period an exten-
sion of time for so doing.

2. ———— *errors in form of judgment on pleadings—motion
for new trial does not extend time to make.* The filing of a
motion for a new trial where there has been no trial, and where,
under the pleadings, the plaintiff is entitled to judgment, does
not have the effect of extending the time within which the de-
fendant may make a case to present errors in the form of the
judgment to this Court for its consideration.

*Error from Cowley District Court.*

*Hon. M. G. Troup, Judge.*

AFFIRMED.                           OPINION FILED JULY 11, 1896.

THIS action was brought by George P. Muret against
the Union Park Land Company and L. E. Holcomb.
In his petition the plaintiff alleged that, on the 19th
of March, 1887, Albert H. Connelly executed his
promissory note to the plaintiff for $14,482.50 with
interest at 10 per cent.; that, to secure the payment
of the same, Connelly and wife executed a mortgage
on certain lands described in the petition; that Con-
nelly having failed to pay the note, the plaintiff, on
the 7th of April, 1888, commenced an action against
him and his wife to foreclose the mortgage, and, after-
ward, recovered a judgment, under which the land
was sold and bid in by the plaintiff for $11,000, and
a deed therefor was duly executed to him by the Sher-

iff; that the defendants claim an interest in the land, but that whatever rights they have are inferior to those of the plaintiff. The relief demanded was that the defendants should be barred and foreclosed of all interest in the premises; that the title to the lands should be quieted as against them, and that such other relief should be given as the plaintiff might be equitably entitled to. Copies of the note and mortgage, and also of the judgment in the former action and the sheriff's deed, were attached to the petition. The amended answer of the plaintiff in error admits the averments of the petition as to the execution of the written instruments and the existence of the records, copies of which were attached to the petition; and alleges that, on the 30th day of April, 1887, Connelly and wife conveyed the land described in the mortgage to the Union Park Land Company, by a deed filed and recorded in the office of the Register of Deeds May 9, 1887, a copy of which was attached to the answer. The case was called for trial May 20, 1892. The Court found from the pleadings that the title of the Union Park Land Company was inferior and subject to the mortgage lien of the plaintiff; that there was due on the plaintiff's mortgage for principal and interest the sum of $22,013.40, and that the plaintiff was entitled to a foreclosure. It thereupon adjudged that, if the defendant should fail for six months from the date of judgment to pay said sum with interest, the mortgage should be foreclosed and the defendant barred of all title to and interest in the property. May 27, 1892, the defendant filed a motion for a new trial. This motion was heard and overruled May 31, and the defendant was then granted 60 days in which to make and serve a case. A case was thereafter

made and settled, and the defendant brings the case here alleging error in the proceedings of the Court.

*Wheeler & Switzer,* for plaintiff in error.
*McDermott & Johnson,* for defendant in error.

ALLEN, J.   There was no trial of any issue of fact in the District Court, but judgment was rendered on the pleadings.   Any error appearing in this judgment could have been reviewed without a motion for a new trial.   *Land and Cattle Co. v. Daly,* 46 Kan. 504; *Ritchie v. K. N. & D. Rly. Co.,* 55 id. 36; *Water-Supply Co. v. Dodge City,* 55 id. 60.   At the time judgment was rendered no extension of time was allowed for making and serving a case.   As no extension was allowed within three days after the judgment complained of was rendered, and as a motion for a new trial was entirely unnecessary, the order granting the extension of time was made without jurisdiction, and there is nothing that can be considered by this Court.   *Ætna Life Ins. Co. v. Koons,* 26 Kan. 215; *St. L. & S. F. Rly. Co. v. Corser,* 31 id. 705; *Limerick v. Haun,* 44 id. 696. In this state of the record the only errors we can consider are such as are raised by the motion for a new trial.   The judgment in the case was for a strict foreclosure, which the law does not authorize, but the defendant made no motion asking the Court to correct the form of the judgment.   The only motion filed was for a new trial.   For this there was no occasion.   The plaintiff, under the admissions of the answer, was clearly entitled to a judgment of the kind authorized by law, directing a foreclosure of his mortgage and a sale of the mortgaged premises.   If the plaintiff in error desired to have the judgment reviewed it was incumbent on it, if it desired to come by case-made,

to have either served its case within three days, or obtained an extension of time for so doing within that period. This it failed to do. It could not extend the time by filing a useless motion. Possibly, a motion to correct the judgment, made at any time during the term at which it was rendered, would have raised the question now sought to be presented, and a case served within three days after the overruling of the motion would have been in time. The motion for the new trial, however, affords the plaintiff in error no basis for relief in this Court.

The judgment is therefore affirmed.

All the Justices concurring.