## PLANTERS' MUTUAL INSURANCE ASSOCIATION v. ROSE *et al.*

No. 594.    Opinion Filed November 16, 1910.

**APPEAL AND ERROR—Case-Made—Extension of Time.** A trial court or judge is without authority to make, before the order or judgment appealed from is rendered, an order extending the time within which to make and serve a case-made.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action by W. M. Rose, M. E. Rose, A. N. Leecraft, trustees for W. C. Rutledge, against the Planters Mutual Insurance Association. Judgment for plaintiffs, and defendant brings error. Motion to strike case-made from files sustained.

*A. S. McKinnon, H. M. Armstead,* and *J. W. & M. House,* for plaintiff in error.

*John T. Suggs* and *Stuart & Gordon,* for defendants in error.

HAYES, J.    This cause comes on at this time to be heard upon a motion to •strike the case-made or certain parts thereof from the files.    Every alleged error assigned in the petition in error and urged in the briefs for reversal of the cause is such as can be presented to this court only after the same has been presented by motion to the trial court as a ground for a new trial.    The trial in the court below was to a jury.    At the conclusion of the evidence, the court sustained a motion of plaintiffs in the court below, defendants in error here, to direct a verdict in their favor.    Upon the court's instructing the jury to return a verdict in favor of plaintiffs, before any verdict had been returned or any judgment rendered thereon, defendant, plaintiff in error here, asked the court for sixty days time in which to make and serve a case-made.    The trial occurred on the 11th day of November, 1908.    After the extension of time in which to make and serve the case was granted, the jury returned a verdict; and, on the same day, judgment was rendered in favor of plaintiffs.    Thereafter, on the 13th day of the same month, a motion for a new trial was filed by defendant, which was not acted upon until the 5th day of December following, at which time it was overruled.    The case-made was served on the 6th day of January, 1909.

The question presented at this time is whether an order extending the time in which to make and serve a case-made before the return of any verdict or. the rendition of any judgment has the

effect to extend the time for making a case in an appeal from an order overruling a motion for a new trial thereafter made. Section 4741 of Wilson's Revised & Annotated Statutes provides that the case-made or a copy thereof shall, within three days after the judgment or order is entered, be served upon the opposite party or his attorney. Section 4742 authorizes the court or judge, upon good cause shown, to extend the time for making a case and the time in which the same may be served. At the time plaintiff obtained the order extending the time for making and serving his case, no appealable order or judgment had been rendered by the court, unless the peremptory instruction to the jury to return a verdict constitutes such an order. But, prior to the adoption of the Code in this jurisdiction from Kansas, it had been repeatedly held by the Supreme Court of that state that the sustaining of a demurrer to the evidence did not constitute such an order as might be reviewed on appeal, without a motion for a new trial. *Gruble v. Ryus,* 23 Kan. 196; *Pratt v. Kelley,* 24 Kan. 111; *Norris v. Evans* 39 Kan. 668. These decisions are controlling upon this court.

In *Gruble v. Ryus, supra,* the court said:

"The demurrer to evidence and the ruling thereon is merely one step in the progress of the trial. Such ruling is a decision 'occurring at the trial,' made during the progress of the trial, and while the jury are still in their box; and where the decision sustains the demurrer, as in this case, it is equivalent to an instruction to the jury to find for the demurring party. And, while such a decision is based primarily upon a want of evidence, yet th s very want of evidence may have been caused by a prior ruling excluding evidence."

Every reason that would require a motion for a new trial in order to review a decision of the court sustaining a demurrer to the evidence would require such motion to review an instruction of the court directing a verdict. It follows, at the time defendant made application for an extension of time, that not only the time for making the case had not begun, for that begins upon the entry

of the judgment or order appealed from (sec. 4741, Wilson's Revised & Annotated Statutes), but there had not at that time been any appealable order or judgment rendered by the court; and plaintiff in error was without any right of appeal. The right of appeal has its incipiency, and the time for taking same begins to run, upon the rendition of the appealable order or judgment. Section 4748, Wilson's Revised & Annotated Statutes. The order granted plaintiff in error sixty days in which to make and serve his case. Twenty-five days of this time had expired before the motion for a new trial was overruled, and of course before entry of the order appealed from and before the statutory period for serving the case had ever begun to run. Suppose that the entire sixty days had expired before the making of the order denying a new trial. We would then have an anomalous condition. The order making and extending the time would have expired before the right of appeal had begun and before the statutory period expired for serving the case had begun; and, after the order denying the motion was entered, plaintiff in error would then still have had the right within three days from that time, without further order of the court, to serve his case-made; and if he had done so, we would then have had a case in which the case was made and served after the purported order extending the time therefor expired; but it would be valid, because served within the statutory time. The statute contemplates that, when an appealable order has been rendered and entered against a party to an action, he shall have a reasonable time within which to make and serve his case for an appeal, and fixes the period that in contemplation of the statute is reasonable time at three days from the entry of the order or judgment; but the statute provides, when good cause therefor is made to appear to the judge or court, an extension of said time may be granted. In the very nature of things, a good cause cannot be made to appear for an extension, when the court or judge cannot know that the original time granted by the statute will ever begin to run, or that the party applying will

ever have a right of appeal. If an order extending the time can be made before there is any right of appeal, as when the court gives or refuses to give some instruction requested by the complaining party, there is no reason why such an order may not be made when plaintiff files his petition or defendant files his answer, or at any other stage of the proceedings; yet such a practice would lead to confusion and absurdities, and we think was never contemplated by the statute. We do not here decide that, when an appealable order or judgment has been rendered, the court or judge may not then upon application grant an extension of time. That question is not presented by this case. What we here decide is that the judge or court is without authority to make such an order before the judgment or order appealed from is rendered.

It follows that the motion should be sustained, and the case-made struck from the files.

DUNN, C. J., and KANE and TURNER, JJ., concur; WILLIAMS, J., not participating.