## MANES v. HOSS.

No. 2195.   Opinion Filed March 21, 1911.

(114 Pac. 698.)

1.  **APPEAL AND ERROR—Dismissal—Summons in Error—Time.**
    A petition in error, although filed in this court within one year
    from the rendition of the judgment appealed from, will be dis-
    missed, where no summons in error was issued or praecipe filed
    therefor within said time, and where there was no waiver of
    issuance and service of summons in error.

2.  **APPEAL AND ERROR—Motion for New Trial—Necessity.** A
    motion for a new trial is unnecessary to enable this court to
    review the action of a trial court in rendering judgment upon
    the pleadings.

3.  **APPEAL AND ERROR—Transfer of Cause—Time.** Where the
    judgment appealed from is rendered upon the  pleadings,  the
    time from which to perfect the appeal commences with the ren-
    dition of the judgment, and not from the order of the court over-
    ruling a motion for a new trial.

    (Syllabus by the Court.)

*Error from District Court, Tulsa County; L. M. Poe, Judge.*

Action between W. H. Manes and Raymond Hoss. From the
judgment, Manes brings error.   Dismissed.

*Nelson & League,* for plaintiff in error.
*Wrightsman, Bush & Johnson,* for defendant in error.

HAYES, J.   Judgment was rendered in the court below on
December 18, 1909.   Petition in error and case-made were filed
in this court on the 17th day of December, 1910.   There was no
waiver of summons, and no præcipe therefor was filed and issu-
ance of summons had until the 21st day of December, 1910.   The
judgment in the court below was upon the pleadings. Not only must
a petition in error and case-made or transcript be filed in this
court within one year from the rendition of the judgment ap-
pealed from (section 6082, Snyder's Comp.  Laws of Okla. 1909),
but there must be filed within said time a præcipe for summons

and summons issued, unless the same be waived. *McMurtry v. Byrd et al.*, 23 Okla. 597, 101 Pac. 1117; *C., R. I. & P. Ry. Co. v. Bradham,* 24 Okla. 205. 103 Pac. 591.

A motion for a new trial is unnecessary to enable this court to review the action of a trial court in rendering a judgment upon the pleadings (*Burdett et al. v. Burdett et al.,* 26 Okla. 416, 109 Pac. 922), and where a motion for a new trial is unnecessary to present for review to this court the matters complained of in the petition in error, the filing of such motion and decision thereon by the court is ineffectual for the purpose of extending the time within which to perfect an appeal; and the time begins to run from the rendition of the judgment appealed from, and not from the order overruling the motion for a new trial. *Springfield Fire & M. Ins. Co. v. Gish, Brook & Co.,* 23 Okla. 824, 102 Pac. 708.

The motion to dismiss is sustained.

All the Justices concur.