# HEALY v. DAVIS.

No. 1614.   Opinion Filed March 12, 1912.

(122 Pac. 157.)

1.  **APPEAL AND ERROR—Review—Motion for New Trial.** A motion for new trial is not necessary to enable this court to review the action of the trial court in rendering judgment upon the pleadings.

2.  **SAME—Time of Taking—Judgment on Pleadings.** Where the judgment appealed from is rendered upon the pleadings, the time within which to perfect the appeal commences with the rendition of the judgment, and not with the order of the court overruling the motion for a new trial.

3.  **SAME—Dismissal.** Where the petition in error is filed in this court after the statute of limitations has run against an appeal, this court has no jurisdiction of the case, and of its own motion will dismiss the appeal.

(Syllabus by Ames, C.)

*Error from Texas County Court;*
*R. L. Howsley, Judge.*

Action by R. L. Davis against Frances Belle Healy. Judgment for plaintiff, and defendant brings error. Dismissed.

*John H. Burford* and *Frank B. Burford* for plaintiff in error.

Opinion by AMES, C. This action was brought by the plaintiff against the defendant to recover the sum of $1.25. The defendant filed an answer and counterclaim, in which she sought to recover judgment against the plaintiff for 50 cents.

In this case, judgment was rendered on the pleadings for the plaintiff on the 8th day of April, 1909. A motion for new trial was filed and afterwards, on the 3d day of May, 1909, overruled. The petition in error was filed in this court on April 22, 1910, more than one year after the judgment was rendered, but less than one year after the motion for new trial was overruled. One year was the statute of limitations then in force, applicable to appeals to this court. A motion for a new trial was not necessary in this case; judgment having been rendered on the pleadings.

The questions here involved are determined by the previous decisions of this court. In *Manes v. Hoss,* 28 Okla. 489, 114 Pac. 698, it is said:

"A motion for a new trial is unnecessary to enable this court to review the action of a trial court in rendering a judgment upon the pleadings (*Burdett et al. v. Burdett et al.,* 26 Okla. 416, 109 Pac. 922 [35 L. R. A. (N. S.) 964]); and where a motion for new trial is unnecessary to present for review to this court the matters complained of in the petition in error, the filing of such motion and decision thereon by the court is ineffectual for the purpose of extending the time within which to perfect an appeal, and the time begins to run from the rendition of the judgment appealed from, and not from the order overruling the motion for a new trial. *Springfield Fire & M. Ins. Co. v. Gish, Brook & Co.,* 23 Okla. 824, 102 Pac. 708."

As the appeal must be perfected within the time limited in order to confer jurisdiction upon this court, and as it appears

from the record that this was not done, it becomes necessary to dismiss the appeal.

By the Court: It is so ordered.