# MINNETONKA OIL CO. v. CLEVELAND VITRIFIED BRICK CO.

No. 4725.    Opinion Filed June 15, 1915.

(149 Pac. 1136.)

1. **APPEAL AND ERROR—Case-Made—Time for Making and Serving — Order Granting Extension — Prematurity.** The trial court sustained an objection interposed by defendant in error to the introduction of any evidence on the ground that the petition did not state facts sufficient to constitute a cause of action. Plaintiff in error was then given 60 days' extension of time to make and serve a case-made. Two days later plaintiff in error filed a motion for new trial, which was overruled. At this time no extension of time was given to make and serve a case-made. Defendant in error moves to dismiss appeal because the case-

made was not served within 15 days, and no extension of time was allowed after motion for new trial was overruled. **Held,** the motion to dismiss should be denied.

2.   **APPEAL AND ERROR—Presentation Below—Motion for New Trial—Necessity.** It is not necessary to file a motion for a new trial before bringing to this court for review a ruling of the court sustaining an objection to the introduction of any evidence and judgment dismissing the case.

(Syllabus by Mathews, C.)

*Error from District Court, Pawnee County;*

*L. M. Poe, Judge.*

Action by the Minnetonka Oil Company, a corporation, against the Cleveland Vitrified Brick Company, a corporation. Judgment for defendant, and plaintiff brings error, and defendant moves to dismiss. Motion denied.

*Dillard & Blake,* for plaintiff in error.

*Bernstein & Spiers,* for defendant in error.

Opinion by MATHEWS, C. Defendant in error has filed its motion to dismiss this appeal upon the grounds that the time to make and serve the case-made was allowed by the court upon the application of plaintiff in error before the motion for a new trial had been overruled or even filed. It appears that after the jury had been impaneled to try the case and the attorneys had stated the case for each side, the first witness for the plaintiff in error having been placed upon the stand, the defendant objected to the introduction of any evidence on the ground that the petition failed to state facts sufficient to constitute a cause of action against defendant in error. This objection was sustained by the court, and the cause dismissed, and, immediately following, the plaintiff in error asked for time to make and serve a case-made, and was then granted an extension of 60 days for that purpose, and

a journal entry of that date shows these facts. Two days afterwards, the plaintiff in error filed its motion for a new trial, which was, on the same day, overruled. The extension of time for the making and serving the case-made appears in the journal entry sustaining the objection of defendant in error to the introduction of any testimony and dismissing the case, and no order extending the time to make and serve the case-made appears to have been made at the time or after the motion for a new trial was overruled.

Therefore the only question to decide is whether the order extending the time in which to make and serve a case-made, made immediately following the sustaining of an objection to the introduction of any evidence and dismissing the case before the motion for a new trial had been filed and overruled, was premature. The question hinges upon the proposition whether or not a motion for a new trial was necessary in this case. If a motion for a new trial was necessary, then under the authority of the case of *Planters' Mutual Ins. Association v. Rose et al.,* 27 Okla. 531, 112 Pac. 966, the case should be dismissed. The facts in that case were identical with the facts in the case at bar with only one exception. In that case, at the conclusion of the introduction of evidence, the court instructed the jury to return a verdict for the defendant in error, but before the verdict had been so returned or any judgment entered thereon, plaintiff in error asked for 60 days' time in which to make and serve a case-made. Two days afterwards a motion for a new trial was filed by the plaintiff in error. This court held in that case, upon sustaining a motion to strike the case-made from the files, as follows:

"The question presented at this time is whether an order extending the time in which to make and serve a case-made before the return of any verdict or the rendition of any judgment has the effect to extend the time for making a case in an appeal from an order overruling a motion for a new trial thereafter made. * * * At the time plaintiff obtained the order extending the time for making and serving his case, no appealable order or judgment had been rendered by the court, unless the peremptory instruction to the jury to return a verdict constitutes such an order. But, prior to the adoption of the Code in this jurisdiction from Kansas, it had been repeatedly held by the Supreme Court of that state that the sustaining of a demurrer to the evidence did not constitute such an order as might be reviewed on appeal, without a motion for a new trial. *Gruble v. Ryus*, 23 Kan. 196; *Pratt v. Kelley*, 24 Kan. 111; *Norris v. Evans*, 39 Kan. 668, 18 Pac. 818. * * *

"Every reason that would require a motion for a new trial in order to review a decision of the court sustaining a demurrer to the evidence would require such motion to review an instruction of the court directing a verdict. It follows, at the time defendant made application for an extension of time, that not only the time for making the case had not begun, for that begins upon the entry of the judgment or order appealed from, * * * but there had not, at that time, been any appealable order or judgment rendered by the court; and plaintiff in error was without any right of appeal. The right of appeal has its incipiency, and the time for taking same begins to run, upon the rendition of the appealable order or judgment. * * * The statute contemplates that, when an appealable order has been rendered and entered against a party to an action, he shall have a reasonable time within which to make and serve his case for an appeal, and fixes the period that in contemplation of the statute is reasonable time at three days from the entry of the order or judgment; but the statute provides, when good cause therefor is made to appear to the judge or court, an extension of

said time may be granted. In the very nature of things, a good cause cannot be made to appear for an extension, when the court or judge cannot know that the original time granted by the statute will ever begin to run, or that the party applying will ever have a right of appeal. If an order extending the time can be made before there is any right of appeal, as when the court gives or refuses to give some instructions requested by the complaining party, there is no reason why such an order may not be made when plaintiff files his petition or defendant files his answer, or at any other stage of the proceedings."

That case hinged upon the proposition that a motion for a new trial is necessary in order to present the case on appeal where the court instructs the verdict. We have been unable to find an exact case with the one at bar from our own courts, but in an analogous case of. *Burdett v. Burdett*, 26 Okla. 416, 109 Pac. 922, 35 L. R. A. (N. S.) 964, it was held:

"A motion for a new trial was unnecessary to enable this court to review the action of the trial court in sustaining a motion for judgment on the pleadings."

But we find this matter squarely passed upon in Kansas in the well-considered case of *Wagner v. Atchison, T. & S. F. R. Co.*, 73 Kan. 283, 85 Pac. 299. It was there held that it is not necessary to file a motion for a new trial in order to appeal from a judgment upon the pleadings and the opening statement of counsel and sustaining an objection to the introduction of any evidence, the court saying on this question:

"It is plain that a motion for a new trial has no function to perform, unless an issue of fact has been fully determined, and the determination has been embodied in one of three specified forms. Not only must there have been a trial, a judicial examination of the issues of fact, but those issues must have been definitely settled by the

verdict of a jury or its equivalent, final and conclusive upon the facts unless vacated. Until that stage of the proceedings in an action has been reached, the condition precedent to the filing of a motion for a new trial does not arise; the single circumstance capable of creating a field for its operation has not occurred; the only subject-matter vulnerable to its attack does not exist.

"There is no such thing as a new trial of issues of law. Questions relating to the determination of those issues may be investigated by this court without previous re-examination by the trial court. Whenever there has been a trial and a verdict or report or decision on the facts, only those errors of law occurring at the trial which inhere in and vitiate the conclusion of fact need be called to the attention of the trial court by motion for a new trial. If the facts have been agreed to, or if issues upon the facts have been eliminated, or if, for any reason, the controversy so shape itself that its determination depends upon a question of law, and the normal end of a trial of an issue of fact—a verdict, if tried by a jury, a report, if tried by a referee, a decision, if tried by the court—is not reached, there is no occasion to use a motion for a new trial. If it be claimed that error of law has been committed so that the proceeding has fallen short of a verdict, report, or decision upon the facts, the aggrieved party may ask this court to secure to him, not a new trial, but a trial in the complete sense of the term; not a re-examination of the issues of fact, but an initial examination of the issues of fact, which shall be continued until it reach the point of actual consummation for such proceedings. There must always be a former verdict, report, or decision determinative of issues of fact to be vacated before there can be a new trial, or any necessity for a motion for a new trial.

"When judgment is rendered on the pleadings, there can be no trial of the issues of fact, no verdict, and no motion for a new trial is required. *Land Co. v. Muret,* 57 Kan. 192, 45 Pac. 589. When an objection to the intro-

48—6

duction of evidence under the pleadings is sustained, there can be no investigation, much less determination, of the issues of fact, and a motion for a new trial is not necessary. *Water Supply Co. v. Dodge City,* 55 Kan. 60, 39 Pac. 219. If in stating his case to the jury a party assert or admit some fact which leads his opponent to move at once for judgment or to object to the introduction of evidence, the question for determination is one of law precisely the same as if the fact had been pleaded. The purpose of the motion is to obviate calling the witnesses and proceeding with the examination of the issues of fact, if any remain, and if the motion be allowed, there can be no verdict or decision on the issues of fact. Therefore no motion for a new trial is needed in such cases, and the party aggrieved may proceed at once to take the preliminary steps essential to a review of the decision by this court. *Ritchie v. K., N. & D. Ry. Co.,* 5 Kan. 36, 48-50, 39 Pac. 718."

It follows, therefore, that, while the record shows that the plaintiff in error did, in fact, file a motion for a new trial, yet such a motion was not necessary in order for the appeal to be perfected, and as the time for making and serving the case-made was extended after the order and judgment appealed from was made and entered, and as this appeal will be held not to be from the order of the court overruling the motion for a new trial, but from the order of the court sustaining the objection of defendant in error to the introduction of any testimony, the motion to dismiss the appeal should be overruled.

By the Court: It is so ordered.