## CLAPPER et al. v. PUTNAM CO. et al.

No. 7396—Opinion Filed May 23, 1916.

On Petition for Rehearing, June 27, 1916.

Second Petition for Rehearing Denied May 28, 1918.

(158 Pac. 297.)

1. **Appeal and Error—Time for Taking Proceedings—Effect of Motion for New Trial.**

Where a motion for a new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to perfect an appeal.

2. **Appeal and Error — Presenting Questions in Trial Court — Motion for New Trial.**

A motion for new trial is unnecessary to enable this court to review the action of the trial court in sustaining an objection to the introduction of any evidence by a plaintiff upon the ground that his petition fails to state a cause of action.

3. **Appeal and Error — Time for Taking Proceedings—Effect of Motion for New Trial.**

The appeal dismissed upon the ground that the petition in error and case-made were not filed in the Supreme Court within the time limited by law.

(Syllabus by Galbraith, C.)

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Marie J. Clapper and another against the Putnam Company and others. From a judgment for defendants, plaintiffs bring error. Dismissed.

Geo. J. Eacock and W. J. Davidson, for plaintiffs in error.

James K. Reed and Burwell, Crockett & Johnson, for defendants in error.

Opinion by GALBRAITH, C. This was an action to quiet title, commenced in the trial court by the plaintiffs in error against the

defendants in error. After the issues had been settled, and the cause called for trial, and the plaintiff had been sworn as a witness, and after he had stated his name and the name of his coplaintiff, objection was made to- the introduction of any testimony on the ground that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants, or any one of them. This objection was sustained. The plaintiffs electing to stand upon their pleadings and refusing to amend, a motion was then made for judgment on the pleading and sustained, and final judgment was entered dismissing the action at plaintiff's cost. This judgment was entered on November 24, 1914, and motion for new trial was filed November 25, 1914. The motion for new trial was denied on December 21, 1914, and an order entered granting 60 days for making and serving a case-made. On February 11, 1915, an order was made extending time for serving case-made. The case-made was served on the 4th day of May, 1915, and signed and settled on May 24, 1915, and the case-made and petition in error was filed in this court on the 28th day of May, 1915. A motion is here urged by the defendants in error to dismiss the appeal on the ground: (1) That it appears from the case-made that the same was not lodged in this court within the 6 months after date of the final judgment rendered and entered in said cause in the district court of Oklahoma county; (2) that it also appears from the record that the case-made was not served within 15 days after the final judgment of the trial court was entered, and was not served within an extension of time granted by the trial court within 15 days from the date of the entry of judgment; and (3) that the order of the district court made on February 11, 1915, extending the time for making and serving the case-made was without force, since the same was made after the expiration of the time allowed by law for serving the case-made.

It appears from the face of the record that the order overruling the motion for a new trial was made and entered 27 days after the entry of judgment dismissing the action, and therefore was made beyond the 15 days fixed by statute (section 5242, Rev. Laws 1910) for serving the case-made. If the motion for new trial was necessary, and the appeal was from the order denying a new trial then the appeal was lodged in this court within the 6 months, and within the time provided by statute (section 5255, Rev. Laws 1910, amended by Session Laws 1910-11, p. 35, effective June 13, 1911);

but, if the motion for new trial was not necessary, filing such motion did not enlarge the time for serving the case-made or for perfecting the appeal (Doorley v. Buford & George Mfg. Co., 5 Okla.- 594, 49 Pac. 936; Manes v. Hoss, 28 Okla. 489, 114 Pac. 698; Healy v. Davis, 32 Okla. 296, 122 Pac. 157) and the appeal was not perfected in time, and this court has no jurisdiction to consider this cause upon its merits. and the motion to dismiss must be sustained.

It is insisted on behalf of the plaintiff in error that the errors assigned in the motion for new trial were other than those sustaining the objection to the admission of evidence and rendering judgment on the pleadings, inasmuch as error was assigned to the order of court in vacating a judgment against the defendants and allowing them to be in default, and in sustaining a motion to strike certain parts of the petition, and that under the decisions of this court these last-enumerated errors could only be preserved for review in this court by a motion for new trial, and therefore the decisions holding that the motion for new trial is not necessary to a review of the judgment rendered upon sustaining the objection to introduction of evidence, and upon a judgment rendered upon the pleadings, are not applicable to this case. and, again, that in the instant case, objection not having been made until after the commencement of the trial, the action of the court in sustaining the objection and rendering judgment upon the pleadings may properly be assigned, under the statutory grounds for a new trial (subdivision 8 of section 5033, Rev. Laws 1910), "errors occurring at the trial and excepted to by the party making the application."

It does not seem that the fact that additional errors are assigned in the motion for new trial to those based upon the order sustaining the objection to the introduction of evidence. and sustaining the motion for judgment on the pleadings, can- change the procedure which the statute plainly establishes for review of final judgments so rendered (sections 5033, Rev. Laws 1910), and that all such errors may be presented to this court without a motion for a new trial in the district court because the trial did not progress to a verdict, report, or decision on the issues of fact. Wagner v. A., T. & S. F. R. Co., 73 Kan. 283, 85 Pac. 299. The grounds for a new trial are statutory, and are enumerated in the statute. Section 5033, Rev. Laws 1910. These causes for a new trial cannot be enlarged by the assignments of error in the petition of error. In cases where a motion for new trial is necessary and the motion sets out the statutory

grounds all causes for a new trial are covered. The point at issue in the instant case is that no motion for a new trial was necessary in order to have the judgment complained of reviewed in this court.

In Wagner v. A. T. & S. F. R. Co., supra, in discussing the question, after quoting section 306 of the Code of Civil Procedure, which is the same as section 5033, Rev. Laws 1910, the court said:

"From this language it is plain that a motion for a new trial has no function to perform unless an issue of fact has been fully determined and the determination has been embodied in one of three specified forms. Not only must there have been a trial, a judicial examination of the issues of fact, but those issues must have been definitely settled by the verdict of a jury, or its equivalent, final and conclusive upon the facts unless vacated. Until that stage of the proceedings in an action has been reached the condition precedent to the filing of a motion for a new trial does not arise; the single circumstance capable of creating a field for its operation has not occurred; the only subject-matter vulnerable to its attack does not exist. There is no such thing as a new trial of issues of law. Questions relating to the determination of those issues may be investigated by this court without previous re-examination by the trial court, whenever there has been a trial and a verdict or report or decision on the facts, only those errors of law occurring at the trial which inhere in and vitiate the conclusion of fact need be called to the attention of the trail court by a motion for a new trial. If the facts have been agreed to or if issues upon the facts have been eliminated, for any reason, the controversy so shapes itself that its determination depends upon a question of law, and the normal end of a trial of an issue of fact—a verdict, if tried by a jury; a report if tried by a referee; a decision, if tried by the court—is not reached, there is no occasion to use a motion for a new trial. If it be claimed that error of law has been committed so that the proceeding has fallen short of a verdict, report or decision upon the facts, the aggrieved party may ask this court to secure to him, not a new trial, but a trial in the complete sense of the term; not a re-examination of the issues of fact, but an initial examination of the issues of fact, which shall be continued until it reach the point of actual consummation for such proceedings. There must always be a 'former' verdict, report, or decision determinative of issues of fact to be vacated before there can be a new trial or any necessity for a motion for a new trial. When judgment is rendered on the pleadings, there can be no trial of the issues of fact, no verdict, and no motion for a new trial is required. Land Co. v. Muret, 57 Kan. 192, 45 Pac. 589. When an objection to the introduction of evidence

under the pleadings is sustained, there can be no investigation, much less determination of the issues of fact, and a motion for a new trial is not necessary. Water Supply Co. v. Dodge City, 55 Kan. 60, 39 Pac. 219. If in stating his case to the jury a party assert or admit some fact which leads his opponent to move at once for judgment or to object to the introduction of evidence, the question for determination is one of law precisely the same as if the fact had been pleaded. The purpose of the motion is to obviate calling the witnesses and proceeding with the examination of the issues of fact, if any remain, and, if the motion be allowed, there can be no verdict or decision on the issues of fact. Therefore no motion for a new trial is needed in such cases, and the party aggrieved may proceed at once to take the preliminary steps essential to a review of the decision by this court. Ritchie v. K., N. & D. Ry. Co., 55 Kan. 36, 48, 50, 39 Pac. 718."

Cowart v. Parker-Washington Co., 40 Okla. 56, 136 Pac. 153, is a controlling case on the question under consideration. In that decision the court said:

"It is the contention of plaintiff, that, the case-made having been served within an extension of time granted within three days after the overruling of the motion for a new trial, it is a valid case-made. It is well settled that, where a motion for a new trial is unnecessary to present for review to this court an order or judgment complained of, the filing of such motion and decision thereon by the court are ineffectual for the purpose of extending time within which to perfect an appeal, and that the time begins to run from the rendition of the judgment or order complained of, and not from the order overruling the motion for new trial. Healy v. Davis, 32 Okla. 296, 122 Pac. 157; Manes v. Hoss, 28 Okla 489, 114 Pac. 698; Springfield Fire & Marine Ins. Co. v. Gish, Brook & Co., 23 Okla. 824, 102 Pac. 708.

"The principal question presented by the motion to dismiss is therefore whether a motion for new trial is necessary to present to this court for review an order of the trial court sustaining an objection to the introduction of any evidence by plaintiff upon the ground that his petition does not state a cause of action. This question was referred to in M., O. & G. Ry. Co. v. McClellin, 35 Okla. 609, 130 Pac. 916, in the following language: 'Referring to the fourth assignment, it has been suggested that in Golding et al. v. Eidson et al., 2 Kan. App. 307, 43 Pac. 104, it was held that the ruling of a trial court sustaining an objection to the introduction of evidence under the answer of the defendant on the ground that it stated no defense was an error of law occurring at the trial, for which a new trial could be granted by the trial court, and will be deemed waived on appeal when a motion

for a new trial was not filed; but we do not deem it material to decide whether such ruling must be presented by a motion for a new trial in order to be presented for review in this court, for it may be objected to for the first time in this court that a petition does not state a cause of action. * * *

"It will be observed from the foregoing quotation that the question was not decided in that case. We think, however, both upon reason and authority, that it must be held that a motion for a new trial was not necessary to review such an order. The purpose of a motion for a new trial is to procure a re-examination of an issue of fact in the same court. Where there has never been any examination of an issue of fact, there can be no re-examination or new trial. The objection to the introduction of any evidence raises issue of fact. Such an objection is frequently resorted to under our practice to challenge the sufficiency of a petition, and, when such objection is made, the sole question presented to the trial court is whether the petition contains sufficient facts to constitute a cause of action. In other words, such objection raises the same question as a demurrer to the petition. The issue raised is one of law, and a motion for new trial is not necessary to review a decision determining an issue of law. Dodge City Water Supply Co. v. City of Dodge City, 55 Kan. 60, 39 Pac. 219. * *

"This does not, however, constitute a finding of fact upon any issue of fact; it is but a statement of the facts alleged in the petition. There was, in fact, no trial and the introduction of no evidence upon which any issue of fact could have been determined.

"It follows from the foregoing views that the case-made, not having been served within the time prescribed by the statute, is a nullity, and the motion to dismiss should be sustained.

"All the Justices concur."

The case of Manes v. Hoss, 28 Okla. 489, 114 Pac. 698, is also cited, wherein it is said:

"A motion for a new trial is unnecessary to enable this court to review the action of a trial court in rendering a judgment upon the pleadings (Burdett et al. v Burdett et al., 26 Okla. 416, 109 Pac. 922 [35 L. R. A. (N. S.) 964]), and, where a motion for a new trial is unnecessary to present for review to this court the matters complained of in the petition in error, the filing of such motion and decision thereon by the court is ineffectual for the purpose of extending the time within which to perfect an appeal; and the time begins to run from the rendition of the judgment appealed from, and not from the order overruling the motion for a new trial. Springfield Fire & M. Ins. Co. v. Gish, Brook & Co., 23 Okla. 824, 102 Pac. 708.

"The motion to dismiss is sustained."

The case of Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., 48 Okla. 156, 149 Pac. 1136, is an authority to the same point. It does not seem to be material in this case that the court, in entering the journal entry of judgment, found that the Kansas Life Insurance Comany had a valid mortgage lien against the property involved in the sum of $12,000, and interest, and that such lien was superior to any claim of the plaintiff in and to the property involved, since this finding was a conclusion of law arising upon the admitted facts. The question arose upon the motion for judgment on the pleadings. Even if testimony had been taken in support of the motion and a controverted question of fact passed upon, no motion for a new trial would have been necessary. The first paragraph of the syllabus in Powell et al. v. Nichols et al., 26 Okla. 734, 110 Pac. 762, 29 L. R. A. (N. S.) 886, reads:

"The filing and determining of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing."

The motion seems to be well taken and must be sustained, and the appeal dismissed.

By the Court: It is so ordered.

## On Rehearing.

Opinion by BURFORD, C. Counsel asserts in his petition for rehearing that two of the errors assigned were upon the order vacating the default judgment and striking out certain portions of the petition, that such rulings of the trial court were not appealable orders, and that therefore they could only be raised after judgment, and that the motion for new trial was proper to obtain a review of such judgment. We have held that this class of orders are not appealable (Town of Byars v. Sprouls, 24 Okla. 299, 103 Pac. 1038; Aetna Bldg. & Loan Ass'n v. Williams, 26 Okla. 191, 108 Pac. 1100), and errors predicated upon them are only reviewable in connection with the final judgment when an appeal is properly prosecuted from such final judgment (City of Mangum v. Heatly, 49 Okla. 730, 154 Pac. 528). But under our Code certain orders of the trial court, not final judgments, are appealable. If the order, or even the final judgment, is based solely upon a question of law, and no issue of fact has been determined, the motion for a new trial is not necessary, and if the appeal is from a final judgment, the errors upon the interlocutory orders may be assigned. If the final judgment is based upon a verdict, report, or decision of a question of fact, then the

motion for new trial is proper, the time for appeal does not begin to run until such motion is overruled, and the interlocutory orders may be assigned as error in connection with the errors assigned upon the final judgment. Such was the case in Spaulding v. Polley, 28 Okla. 764, 115 Pac. 864, cited by plaintiffs in error. Our holding in this case is not that plaintiff did not have a right of appeal but that he did not exercise that right in time. His motion for a new trial was not necessary to review the ruling of which he complains, since that ruling was based purely upon a question of law. Not being necessary, the motion for new trial did not operate to extend the time for appeal.

It is true that this court has held that a ruling upon a demurrer to the evidence must be preserved by motion for new trial (Planters' Ins. Co. v. Rose, 27 Okla. 530, 112 Pac. 966, Tyler v. Tyler, 44 Okla. 411, 144 Pac. 1023, and others), and that perhaps logically the reasoning of the instant case, and of the cases just cited, is not in accord. It is sufficient to say that, the doctrine of the cases cited having become a settled rule of practice, we do not care to overrule them, but we are not disposed to extend the doctrine thus enunciated to cases such as the one at bar.

The opinion filed herein is adhered to, and the petition for rehearing denied.

By the Court: It is so ordered.