## In re GUARDIANSHIP OF HERVEY. STERLING, Guardian, v. HERVEY.

No. 14828—Opinion Filed March 25, 1924.

Rehearing Denied Dec. 9, 1924.

(Syllabus.)

1. Appeal and Error — Correction of Case-Made.

Under the provisions of section 786, Comp. Oklahoma Stat. 1921, this court is authorized to permit a case-made to be corrected, but leave to correct such case-made will be denied unless it is made to appear to the court that the same contains an erroneous recital of facts, or there is an omission of matters material to the issues presented to this court.

2. Appeal and Error—Time for Proceedings —Dismissal.

Where the guardian of an incompetent person files with the county court a report of his receipts and disbursements of his ward's estate, which the county court upon a hearing disapproves in part, and thereupon the guardian appeals from the judgment of the county court to the district court, and the ward files in the district court a motion to dismiss the appeal of his guardian so taken from the county court, and as reasons and grounds for dismissing the appeal alleges that the appeal was not perfected in time, form, and manner required by law, and said motion is sustained by the district court, the filing and determination of a motion for new trial by the district court was unnecessary to authorize this court to review the judgment of the district court so rendered, and has no effect in extending the period from which the time for appealing would begin to run. The appeal in this case, not having been filed within six months from the date when the district court rendered its judgment dismissing such appeal, is out of time, and is dismissed for that reason.

Error from District Court, Garvin County; A. C. Barrett, Judge.

In the matter of the guardianship of Wallace B. Hervey, an incompetent. Judgment in county court against W. G. Sterling, guardian, and from order of district court dismissing his appeal, he brings error. Dismissed.

Wallace & Field, for plaintiff in error.

Bowling & Farmer, for defendant in error.

LYDICK, J. This is an appeal from the judgment of the district court of Garvin county, dismissing the appeal of plaintiff in error from the judgment of the county court of Garvin county, disallowing certain items in the report of the plaintiff in error filed in the county court as guardian of the estate of Wallace B. Hervey, an incompetent. Upon motion of the ward, the district court dismissed the appeal from the county court upon the ground that the appeal was not perfected from the county court to the district court in form and manner required by law. The judgment of the district court dismissing such appeal was rendered on April 24, 1923. On April 27, 1923, the plaintiff in error, who was appellant in the district court, filed a motion for new trial, which motion was overruled by the district court on April 30, 1923. The plaintiff in error filed his petition in error in this court on October 27, 1923, appealing from the judgment of the district court. The defendant in error has filed a motion to dismiss this appeal, and as one of the grounds in support of said motion says:

"The petition in error and case-made not filed in this case within six (6) months from the date of the rendition of the judgment from which the appeal is prosecuted."

The plaintiff in error has asked leave to have the case-made corrected, and alleges that when the case-made was settled and signed it showed that the judgment of the district court was made and entered on April 27, 1923, instead of April 24, 1923, as the case-made now recites; that the case-made has been changed since that time, but he knows not when nor how. These facts are not verified, and no certified copy of the judgment showing its actual date of entry is attached to the application for leave to amend. The plaintiff in error makes no allegation that the recital in the case-made is erroneous as it now stands, and makes no assertion that the judgment of the district court was rendered after April 24, 1923, or at a time within six months of the date when the petition in error was filed in this court. Under section 786, Comp. Stat. 1921, this court is authorized to permit a case-made to be corrected, but leave to correct such case-made will be denied unless it is made to appear to the court that the same contains an erroneous recital of facts or there is an omission of matters material to the issues presented to this court. It does not so appear from this application to amend, and leave to do so is therefore denied.

We said in section 1 of the syllabus in the case of Powell v. Nichols, 26 Okla. 734, 110 Pac. 762, as follows:

"The filing and determining of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing."

In section 1 of the syllabus in the case of Clapper v. Putnam (filed May 23, 1916), 70 Okla. 99, 158 Pac. 297, the court said:

"Where a motion for a new trial is unnec-

essary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to perfect an appeal."

The holdings of this court in the cases above cited are clearly applicable to the case at bar, and the rules there announced we here reaffirm. The appeal of the plaintiff in error in this case is dismissed, and the cause remanded to the district court, with instructions to cause its judgment to be carried into effect.

JOHNSON, C. J., and COCHRAN, BRANSON, HARRISON, MASON, and WARREN, JJ., concur.