### DICKSON et al. v. MINNEAPOLIS THRESHING MACHINE CO.

No. 23986. Sept. 10, 1935.

Rehearing Denied Oct. 29, 1935.

H. A. Johnson, for plaintiffs in error.

W. D. Jochems, J. Wirt Sargent, C. Edward Murray, and Emmet A. Blaes, for defendant in error.

RILEY, J. On February 2, 1932, plaintiff below, defendant in error, obtained a judgment against the defendants, plaintiffs in error, embracing consolidated causes of action arising upon promissory notes.

Judgment was rendered on the pleadings and opening statement of counsel for defendants on the 2nd day of February, 1932. No notice of intention to appeal was given at the time of the rendition of the judgment or within ten days thereafter, but the defendants relied upon motion for new trial which was filed the following day and overruled on February 23, 1932.

Petition in error with case-made was filed in this court August 19, 1932. The case-made was amended after filing in this court by attaching thereto the opening statement of counsel.

The question now involved is whether this court has jurisdiction. If a motion for new trial was unnecessary and served no purpose to extend the time in which the case could be filed in this court, then the six months ran from and after the rendition of the judgment on the 2nd day of February,

1932, and this court is without jurisdiction to entertain the appeal.

This court is committed to the rule that where a judgment is rendered upon the pleadings and opening statement of counsel, no motion for new trial is necessary to review the error complained of, and that therefore the filing and determination of such motion for new trial serves no purpose to extend the time in which the case can be filed in this court past the six months from the date of the entry of the original judgment.

In the case of Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., 48 Okla. 156, 149 P. 1136, our court first discussed this proposition. In that case a judgment was rendered upon the pleadings for the defendant after the cause had been assigned for trial and both parties had made their opening statement, although the court was considering the sustaining of an objection to the introduction of any evidence on the ground that the petition failed to state facts sufficient to constitute a cause of action. In that opinion the court said:

"We have been unable to find an exact case with the one at bar from our own courts, but in an analogous case of Burdett v. Burdett, 26 Okla. 416, 109 P. 922, 35 L. R. A. (N. S.) 964, it was held:

"'A motion for a new trial was unnecessary to enable this court to review the action of the trial court in sustaining a motion for judgment on the pleadings.'

"But we find this matter squarely passed upon in Kansas in the well considered case of Wagner v. A., T. & S. F. R. Co., 73 Kan. 283, 85 P. 299. It was there held that it is not necessary to file a motion for new trial in order to appeal from a judgment upon the pleadings and the opening statement of counsel and sustaining an objection to the introduction of any evidence, the court saying on this question:

"'It is plain that a motion for a new trial has no function to perform, unless an issue of fact has been fully determined, and the determination has been embodied in one of three specified forms. Not only must there have been a trial, a judicial examination of the issues of fact, but those issues must have been definitely settled by the verdict of the jury or its equivalent, final and conclusive upon the facts unless vacated. Until that state of the proceedings in an action has been reached, the condition precedent to the filing of a motion for a new trial does not arise; the single circumstance capable of creating a field for its operation has not occurred; the only subject-matter vulnerable to its attack does not exist.

"'There is no such thing as a new trial of issues of law. Questions relating to the determination of those issues may be investigated by this court without previous re-examination by the trial court. Whenever there has been a trial and a verdict or report or decision on the facts, only those errors of law occurring at the trial which inhere in and vitiate the conclusions of fact need be called to the attention of the trial court by motion for a new trial. If the facts have been agreed to, or if issues upon the facts have been eliminated, or if, for any reason, the controversy so shape itself that its determination depends upon a question of law, and the normal end of a trial of an issue of fact—a verdict, if tried by a jury, a report, if tried by a referee, a decision, if tried by the court—is not reached, there is no occasion to use a motion for new trial. If it be claimed that error of law has been committed so that the proceeding has fallen short of a verdict, report, or decision upon the facts, the aggrieved party may ask this court to secure to him, not a new trial, but a trial in the complete sense of the term; not a re-examination of the issues of fact. but an initial examination of the issues of fact, which shall be continued until it reach the point of actual consummation for such proceedings. There must always be a former verdict, report, or decision determinative of issues of fact to be vacated before there can be a new trial, or any necessity for a motion for new trial.

"'When judgment is rendered on the pleadings, there can be no trial of the issues of fact, no verdict, and no motion for a new trial is required. Land Co. v. Muret, 57 Kan. 192, 45 P. 589. When an objection to the introduction of evidence under the pleadings is sustained, there can be no investigation, much less determination of the issues of fact, and a motion for new trial is not necessary.'"

In the case of Small v. Rice, 82 Okla. 158, 198 P. 998. a judgment was rendered for the defendants upon the opening statement of counsel of the plaintiff, and therein the court said:

"Judgment seems to have been entered in favor of the defendants upon the opening statement of counsel on the day the first order extending time was made. This was the only final judgment entered in the case, and the only ground for reversal urged by counsel in their brief is that the court erred in entering judgment in favor of the defendants upon the opening statement of counsel. The subsequent action of the court consisted merely of an order overruling the motion for a new trial. As this action of the trial court was wholly unnecessary, it does not seem to us that the last order was effective to extend time previously granted."

It therefore appearing that this judgment was rendered upon the pleadings and open-

ing statement of counsel, it was necessary that the appeal be lodged in this court within six months from the date of the judgment entered upon such pleadings and the opening statement, and the filing and determination of a motion for new trial served no purpose to extend the time in which the case-made could be filed in this court. The case was not filed in this court until August 19, 1932, more than six months after the rendition of judgment on February 2, 1932, and the appeal must therefore be dismissed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.