County Commissioners — Contracts — Job Study Under the contract and facts presented, the Board of County Commissioners of Tulsa County had the implied power to contract with private individuals for the purpose of obtaining an "Employees lob Study" to furnish the technical information necessary to enable it to discharge the duties enjoyed on it by 19 O.S. 180.65 [19-180.65] (1961), supra, and said contract and claim are therefore valid. This conclusion is expressly limited to the contract and claim submitted and facts presented. The Attorney General has considered your request for an official opinion dated November 21, 1969, wherein you state, in part, as follows: "We are now engaged in audit of contracts and claims drawn against funds of Tulsa County, and among those examined we have doubt as to the validity of a contract and claim representing payment from funds of the county entered into by the county commissioners of Tulsa County and a corporation, providing for a 'county personnel specifications study' (employee job study) and request your official opinion as to the validity of said contract and claim. Copies of same are enclosed for your information." On June 18, 1968, Mr. Leslie Brooks, acting for Leslie Brooks and Associates Inc., wrote a letter to Mr. Robert Newhouse, Chairman of the Board of County Commissioners Tulsa County which states in part as follows: "Mr. Wilson V. Glass, Chairman, Board of Trustees, County Employees' Committee asked us to resubmit a letter detailing a price on 450 minimum plus a separate price on additional employees in relation to our previous proposal concerning the salary and job classification study of County Employees. . . . . . . . . "If the final number of employees come to 663 the price for the number will be the same ($7,350.00) as detailed in our letter of June 30, 1967; and addition be as listed above. "We believe the concurrent running of the job specifications and management studies will be of value in that the job classification data will be ready when the management report is finished, and not a year behind. This will speed up full use of both studies. . . ." On June 28, 1968, Robert S. Newhouse, Chairman of the Board of County Commissioners of Tulsa County, accepted the above proposal. On February 4, 1969, Leslie Brooks and Associates, Inc. filed their claim with the County Clerk of Tulsa County pursuant to the above contract for the sum of $7,792.00. The claim was approved by R. S. Newhouse on February 6, 1969, and the county commissioners approved the claim on February 17, 1969. It is a well settled and long standing rule of law in Oklahoma that the Boards of County Commissioners may exercise only those powers which are specifically granted by statute, or such as may be incidentally necessary to enable them to perform duties imposed by law. Allen v. Board of Commissioners of Pittsburg County, 28 Okl. 489, 116 P. 675. Title 19 O.S. 180.65 [19-180.65] (1961), has imposed upon the Board of County Commissioners the responsibility of providing such employees as may be necessary for each elected county official to properly perform the duties of his office, as well as the responsibility for fixing the salaries of these employees, within the maximum limits provided. The only guidelines, for the performance of these duties found in Section 180.65, supra, are that the salaries must be within the maximum limits provided and may not exceed the total appropriation made therefore. Section 19 O.S. 180.65 [19-180.65], supra, requires each officer establish the need for the employee and the compensation to be paid therefore, prior to the approval of the Board of County Commissioners. This, then, involves the exercise of sound judgment and discretion on the part of the elected official, as well as the Board of County Commissioners. It is, therefore, the opinion of the Attorney General that under the contract and facts presented, the Board of County Commissioners of Tulsa County had the implied power to contract with private individuals for the purpose of obtaining an "Employees Job Study" to furnish the technical information necessary to enable it to discharge the duties enjoined on it by 19 O.S. 180.65 [19-180.65] (1961), supra, and said contract and claim are therefore valid. This conclusion is expressly limited to the contract and claim submitted and facts presented. (W. Howard O'Bryan Jr.)