No. 24,793.

THE HOLLAND OIL AND GAS COMPANY et al. (E. H. DOWNING, J. Q. ADAMS, and J. C. PUTERBAUGH), *Appellees,* v. J. A. HOLLAND et al., *Appellants.*

SYLLABUS BY THE COURT.

SALE—*Shares of Oil and Gas Lease—False Representations—Misjoinder of Causes of Action.* Numerous persons defrauded by identical false representations made by the same tort feasor in the sale of shares of an oil and gas lease, may not join their causes of action for damages in one petition.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed December 8, 1923. Reversed.

*E. C. Wilcox,* and *Myrtle Youngberg,* both of Anthony, for the appellant.

*A. L. Orr,* of Medicine Lodge, and *Donald Muir,* of Anthony, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover from J. A. Holland damages for false representations made in the sale of interests in an oil and gas lease. By proceedings which it is not necessary to recite, the parties plaintiff were reduced to Downing, Adams, and Puterbaugh, who sued for themselves and some forty other persons. Holland, who became the sole defendant, demurred to the petition on the ground of misjoinder of causes of action. The demurrer was overruled, and Holland appeals.

The petition asserted Holland claimed to be owner of the lease, and desired to sell it for $10,000. To effect a sale, he divided the price into 80 shares of $125 each. · Each share represented a share of stock to be issued by a corporation to be formed to develop the lease. The persons for whose benefit the action was commenced were purchasers. Each one was given a receipt for the number of shares he purchased. They formed a preliminary organization under the name, The Holland Oil & Gas Company, which was to be the name of the contemplated corporation, and elected trustees, to whom Holland assigned the lease. The˙ corporation was never formed, because the lease was found to be worthless.

In stating the fraudulent inducements to purchase, the petition used expressions placing all the plaintiffs on a common basis: "Plaintiffs allege J. A. Holland represented to them"; "plaintiffs state

they believed all of the statements, propositions and representations of J. A. Holland"; etc.   The petition also contained the following:

"Plaintiffs bring into court the said assignment of said lease, made to the trustees as aforesaid, and here and now offer and tender same to the defendant, J. A. Holland, the same never having had any value."

The prayer was for $10,000, "or for such other sum as the court may find to be due."

Plaintiffs seek to justify the ruling of the district court by the provisions of section 37 of the civil code, which reads as follows:

"When the question is one of common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." (Gen. Stat. 1915, § 6927.)

That section relates to parties, not to causes of action, and is qualified by section 34, which reads as follows:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."   (Gen. Stat. 1915, § 6924.)

The section relating to misjoinder of causes of action is section 88, which reads as follows:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both.   But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."   (Gen. Stat. 1915, § 6979.)

It is not possible to make a general statement which will serve as an infallible guide to correct application of these sections of the code. Cases must be assigned to their proper classes as they come up for decision.   In this instance the cause of action of each plaintiff was fraud committed by false representations made to him and relied on by him to his damage.   Although under the allegations of the petition the false representations made to the various plaintiffs were the same, the torts committed were several.   No plaintiff was affected by the cause of action of any other, or interested in the re-lief demanded by any other.   The question whether Downing or Adams or Puterbaugh had been defrauded to his injury, was per-sonal to him, and not of common or general interest.   If Downing's case should be tried and he should recover, the necessary elements of Adams' or Puterbaugh's cause of action would not be established.

What has just been said distinguishes the present case from that of

*Skinner v. Mitchell*, 108 Kan. 861, 197 Pac. 569. When Skinner established the fact that he was entitled to an official receipt for taxes, the right to a tax receipt of every other taxpayer of the county who had paid his taxes as Skinner did, was established. While the facts are dissimilar, this case is governed by the discussion of principles contained in the opinions in the cases of *Gillet v. Investment Co.*, 111 Kan. 755, 758, 207 Pac. 843, and *Dunn v. Mortgage Co.*, 113 Kan. 169, 213 Pac. 665.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer.