No. 34,729

Daniel O. Lardner, as Administrator of the Estate of Jennie C. McFadden, Deceased, *Appellee*, v. Ruth Cook, *Appellant*.

(103 P. 2d 849)

Opinion filed July 6, 1940.

*Rodman Henry,* of Garnett, and *Karl V. Shawver,* of Paola, for the appellant.

*Douglas Hudson, Harry Warren, Howard Hudson* and *Douglas Hudson, Jr.,* all of Fort Scott, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by an administrator to set aside a deed alleged to have been executed and delivered by the decedent with the intent to defraud creditors of decedent's estate. Plaintiff prevailed, and the defendant, Ruth Cook, has appealed.

The creditor was a daughter of Jennie C. McFadden, who died intestate September 17, 1935. The daughter claimed under an oral contract for the reasonable value of services rendered to the mother over a period of years. The administrator was appointed October 21, 1935, in the probate court of Bourbon county. The claim of the creditor, Miriam McFadden, was filed in the probate court August 3, 1936, for the sum of $4,200. Trial was not had on the claim until August 12, 1938. A verdict was on that date returned in the sum of $3,800. The administrator appealed to the district court where judgment was rendered in favor of the claimant in the sum of $3,550, on December 21, 1938. On April 18, 1939, the administrator applied for and received authority from the probate court of Bourbon county to institute the instant action to set aside the deed in question. This action was commenced for that purpose in the district court of Bourbon county, April 18, 1939. In the course of the trial a stipulation was entered into to consolidate, for the purpose of trial, a number of other actions pending in Linn county with the instant action in Bourbon county. The actions pending in Linn county had been instituted by the administrator to set aside deeds to lands situated in that county. Those conveyances were also made to certain heirs. Defendant was a grantee in one of the Linn county deeds. The Linn county cases were likewise brought upon the theory those deeds were executed for the purpose of defrauding creditors of decedent's estate. The three actions pending in Linn county were described in the stipulation as follows:

"Daniel O. Lardner, administrator, plaintiff, vs. Lucile Byerley, No. 9817.

"Daniel O. Lardner, administrator, plaintiff, vs. Paul B. McFadden, defendant, No. 9818.

"Daniel O. Lardner, administrator, plaintiff, vs. Ruth Cook, defendant, No. 9819."

Long prior to the actions by the administrator and on October 28, 1935, four petitions had been filed, three in the district court of Linn county, and one in the district court of Bourbon county, by Beulah Proctor and Miriam McFadden, as plaintiffs, against Paul B. McFadden, Ruth Cook and Lucile Byerley, alleging that the five persons named plaintiffs and defendants were heirs at law of Jennie C. McFadden, deceased; that she, Jennie C. McFadden, departed this life intestate. In the four suits last mentioned, the plaintiffs had attacked the deeds upon the ground of decedent's mental incapacity to make them. The land involved in those deeds was the same real estate as that involved in the actions subsequently instituted by the administrator. No transcript of the testimony involving the mental condition of the decedent was filed in the instant case. While it is true the trial court found, in the cases involving mental incapacity, that the evidence was insufficient to set aside the deeds on the ground of mental incapacity, appellee contends there was evidence in the record of those cases which also tended to disclose fraud as to the claimant, Miriam McFadden. The stipulation in the instant case, in addition to providing for a consolidation for the purposes of trial of this case with the other actions brought by the administrator, also provided that the testimony adduced on the trial in the district court of the claim of Miriam McFadden against the estate of the decedent, and the evidence introduced in the trial of the case of Beulah B. Proctor and Miriam McFadden against Paul B. McFadden et al., No. 14,221, in the district court of Bourbon county, might be considered in evidence in the trial of the instant consolidated cases.

Judgment in the instant case was rendered October 5, 1939. The trial court made findings of fact and conclusions of law. The findings disclosed the funds of the estate were greatly insufficient to pay the judgment of the daughter Miriam. The court found the various conveyances made of lands in Linn and Bourbon counties by the mother to the defendant and to the three heirs, other than the claimant Miriam McFadden, were all executed in fraud of the rights of Miriam McFadden, a judgment creditor of decedent's estate. Judgment was rendered accordingly, setting aside the deed

to the land involved in the instant case, situated in Bourbon county, and setting aside the deeds to the various lands involved in the respective cases filed in Linn county. Separate journal entries of judgment were filed in the instant case in the district court of Bourbon county and in the district court of Linn county in each of the three separate cases which were filed and were then pending in that county.

Before considering the appeal of the defendant, Ruth Cook, upon its merits, we are confronted with a motion of appellee to dismiss the appeal. Appellant assumes she perfected appeals from the judgment of the three cases filed in Linn county as well as from the judgment against her in the instant case in Bourbon county. The pertinent portion of her notice of appeal reads:

"To Daniel O. Lardner, administrator of the estate of Jennie C. McFadden, deceased, and his attorneys of record, Douglas Hudson and Harry Warren:

"You and each of you are hereby notified that Ruth Cook, defendant in the within case, intends to and does hereby appeal to the supreme court of the state of Kansas, from the judgment of the district court of Bourbon county, Kansas, in favor of the plaintiff herein against this defendant, including the judgments against the defendants in cases Nos. 9817, 9818 and 9819 pending in Linn county, Kansas, rendered on the 5th day of October, 1939, . . . ."

Only the attorneys for the appellant, Ruth Cook, signed the notice of appeal. No notice of appeal was served and filed by any of the defendants in the three cases in Linn county. It will be noted the appellant, Ruth Cook, alone, undertook to appeal for the other defendants in the Linn county cases, and that she did so by filing the above notice only in the district court of Bourbon county. Appellant was involved in only one of the cases in Linn county. Two cases in Linn county and the one case in Bourbon county all involve different parties and a separate and distinct res. The one case in Linn county in which this defendant, Ruth Cook, was a party, of course, involved different land than that involved in the instant case in Bourbon county. It clearly appears from the stipulation that the four cases were consolidated only for the purpose of trial. In order to read any additional purpose into the stipulation would require us to supply something not expressly or impliedly contained therein. Moreover, it was not an actual consolidation under our code as will presently appear. It was an agreement that the decision in the Bourbon county case should determine the decision in the Linn county cases and that is precisely what

the trial court expressly found it to be. The reason for such an agreement is rather obvious. The general aspect of the issues in each of the cases filed by the administrator was substantially the same. They all charged the fraudulent transfer of the respective pieces of real estate by the decedent. The conveyances were to various heirs. They were all executed on the date of April 10, 1935. In view of the same issue it appears the parties were willing, for convenience and in order to save costs and delay, to permit the decision in the Bourbon county case to determine the decision in the Linn county cases. That the stipulation did not, and could not, constitute an actual consolidation under our code for all purposes is obvious from the provisions of G. S. 1935, 60-765. The pertinent part thereof provides:

"Whenever two or more actions are pending *in the same court which might have been joined,* the defendant may, on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated, and if no cause be shown the said several actions shall be consolidated." (Emphasis supplied.)

The actions being filed in the district courts of Linn and Bourbon counties were not pending in the same court, but in separate and distinct courts. They could not have been joined as one action, as they did not all involve the same parties nor the same res. Obviously then the stipulation did not create one lawsuit out of four. The actions remained separate and distinct so far as dockets, judgments and appeals were concerned. In *Lumiansky v. Tessier,* 213 Mass. 182, 99 N. E. 1051, it was said:

"Where several causes are pending between the same or different parties which grow out of a single transaction or which involve an inquiry into the same event in its general aspects, although the details of evidence may vary materially in fixing responsibility, the court may order them tried together. But they continue separate so far as concerns docket entries, verdicts, judgments and all aspects save only the one of joint trial. This is a frequent practice, and finds many illustrations in our decisions. (*Burke v. Hodge,* 211 Mass. 156, and cases collected at 159; *Commonwealth v. Robinson,* 1 Gray, 555, 560; *Commonwealth v. Seeley,* 167 Mass. 163.) It is to a consolidation of this kind that reference was made by Mr. Justice Gray in *Mutual Life Ins. Co. v. Hillmon,* 145 U. S. 285, in saying at page 293, 'But although the defendants might lawfully be compelled, at the discretion of the court, to try the cases together, the causes of action remained distinct, and required separate verdicts and judgments.' The effect of a consolidation of this character was stated by Lurton, circuit judge, in *Toledo, St. Louis & Kansas City Railroad v. Continental Trust Co.,* 36 C. C. A. 155, at page 164 (95 Fed. Rep. 497, 506), as follows: 'Such consolidation is primarily but an expedient adopted for saving

costs and delay. Each record is that of an independent suit, except insofar as the evidence in one is, by order of the court, treated as evidence in both. The consolidation does not change the rules of equity pleading, nor the rights of the parties, as those rights must still turn on the pleadings, proofs, and proceedings in their respective suits. The parties in one suit do not thereby become parties in the other, and a decree in one is not a decree in the other, unless so directed.'" (Citing cases.) (p. 188.)

In a case involving the same principle, *Williams v. Railroad Co.*, 144 N. C. 498, 57 N. E. 216, 12 L. R. A., n. s., 192, it was said:

"There should have been separate appeals in this case. The actions were tried together merely for convenience, and were not united or consolidated in the sense that they became, by the order of the court, one action. They could not be thus merged under Revisal, sec. 469. The plaintiffs were not united in interest, but alleged separate grievances, and could not, therefore, be joined in the same action under Revisal, sec. 411. (*Logan v. Wallis,* 76 N. C., 416; *Syme v. Bunting,* 86 N. C. 175.) The verdict was substantially separate as to each plaintiff and the judgment and appeals should have corresponded, two cases being constituted here." (p. 502.)

Furthermore, it is well settled that a person cannot appeal from a judgment unless he is aggrieved thereby. (*Cardin v. Apple,* 150 Kan. 162, 165, 92 P. 2d 32.) The appellant, Ruth Cook, was not aggrieved by the judgment rendered in two of the cases pending in Linn county which set aside conveyances to land in which she claimed no title or interest. On the other hand, she did not appeal from the judgment rendered in the one case in Linn county which did affect title to land conveyed to her. It follows that the purported appeals from the judgments rendered and filed in the district court of Linn county must be dismissed.

This brings us to the appeal by Ruth Cook in the instant case. Is there merit in the motion to dismiss that appeal? Obviously there is not. The appeal from the judgment in the Bourbon county case, involving the deed to her, was duly perfected and that judgment is properly here for review.

Appellant insists the judgment of the district court setting aside her deed on the ground the conveyance was made by decedent with intent to defraud creditors cannot be sustained. She contends the petition to sell lands, where such sale is necessary for the payment of decedent's debts, must be filed by the administrator in the probate court which issued his letters testamentary or of administration. She further contends no claim to lands conveyed by decedent, including lands conveyed with intent to defraud decedent's creditors, can be made unless asserted within three years next after the

decease of the grantor. In support of that contention appellant directs our attention to three special statutes involving decedent estates. G. S. 1935, 22-801, reads:

"As soon as the executor or administrator shall ascertain that the personal estate in his hands will be insufficient to pay all the debts of the deceased and the charges of administering the estate, *he shall apply to the probate court for authority to sell the real estate of the deceased,* or any interest he may have in any real estate situated within this state subject to the payment of debts." (Emphasis supplied.)

G. S. 1935, 22-802, provides:

"In order to obtain such authority, the executor or administrator shall file his petition *in the court which issued his letters testamentary or of administration.*" (Emphasis supplied.)

G. S. 1935, 22-803, is as follows:

"The real estate liable to be sold as aforesaid *shall include all that the deceased may have conveyed with intent to defraud his creditors,* and all other rights and interests in lands and tenements not exempt by law: *Provided,* That lands so fraudulently conveyed shall not be taken from anyone who purchased them for a valuable consideration, in good faith, and without knowledge of the fraud; *and no claim to the lands so fraudulently conveyed shall be made, unless within three years next after the decease of the grantor.*" (Emphasis supplied.)

In the instant case no claim to the land here involved was made by the administrator within three years next after the decease of the grantor nor did he within that period file a petition in the probate court to obtain authority to sell the land in order to get the funds needed to pay the debts of decedent's estate. The grantor died intestate September 17, 1935. The administrator was appointed October 21, 1935. This action to set aside the deed to land in Bourbon county was not commenced until April 18, 1939, three years and seven months after the death of the grantor. The principle that special statutes applicable to particular subjects, and not general statutes of limitation, control is well settled. In *Waltz v. Sheetz,* 144 Kan. 595, 61 P. 2d 883, the intervening petition to sell land was filed within three years, but this court there said:

"R. S. 60-306 is not controlling here for the reason that we have a statute (R. S. 22-803) pertaining to the time of bringing an action to sell lands of decedent for the payment of his debts which are alleged to have been fraudulently conveyed. That time is three years. The intervening petition was filed within that time." (p. 603.)

Appellee urges that except for the particular claim of Miriam McFadden, the personalty on hand was sufficient to pay all debts

and costs of administration. The same result might obtain in many cases if a certain claim was ignored. Appellee further contends that when the claim was allowed upon appeal in the district court on December 21, 1938, the three-year statute had run and that it was not until such date that the administrator definitely knew the personalty would be insufficient to pay the debts. The contention ignores an important fact. That fact is that the administrator knew on August 3, 1936, the date the claim was allowed in the probate court, that the personalty was insufficient to pay the debt allowed against the estate. The allowance of the claim in the probate court was final unless a contrary result was reached on appeal. The claim was allowed in the probate court prior to the expiration of the three-year period, but the administrator filed no petition for authority to sell real estate to pay the debt. He made no claim to the real estate in question until April 18, 1939. That was too late. Under the circumstances in this case, we know of no reason which would have prevented the administrator from claiming title to the land, for the benefit of the estate, within the three-year period. The deed was recorded prior to the death of the grantor. The administrator, therefore, had a long period of constructive notice of the alleged fraud. If the conveyance was thought to be fraudulent, it was his duty to claim the property for the estate, before the expiration of three years, in order to have funds available out of which to pay, or to apply on, the claim. The claim was filed as early as August 3, 1936. It was allowed August 12, 1938. The administrator had no right to risk the outcome of the appeal until it was too late under the statute to assert a claim to the land.

But after all, what does the allowance of the claim or the statutory requirement that a petition must be filed in the probate court to obtain authority to sell land for the payment of debts, have to do with the instant lawsuit? This is an action by the administrator to set aside a deed upon the ground that it was executed by the decedent with intent to defraud creditors. G. S. 1935, 22-803, requires that a claim to land fraudulently conveyed by the decedent must be made within three years next after the decease of the grantor. The administrator did not assert his claim within the time prescribed and that defeats the instant action. We need, therefore, not be concerned with appellant's further contention that a petition in the probate court for the sale of land to pay debts was

also required to be filed within three years from the death of the grantor.

We think it was the intent and purpose of the lawmakers to expedite the settlement of decedent's estates and to place at rest the title to lands which might have been conveyed by a decedent with intent to defraud creditors of his estate. The lawmakers saw fit to prescribe a period of time, which to it appeared reasonable, within which a party aggrieved was required to assert his claim to land alleged to have been fraudulently conveyed by the decedent. The statute contains no exception and we are not at liberty to read one into it. We have noted cases cited by appellee, such as *Wentworth v. First Trust Co.*, 147 Kan. 466, 77 P. 2d 976, but find none of them directly in point.

The judgment setting aside the deed which conveyed property to appellant located in Bourbon county, and from which judgment an appeal was properly perfected, must be, and it is, reversed. The attempted appeal from the judgments rendered in the three separate cases in Linn county is dismissed.