### No. 38,972

Roy A. Gallaway and B. Inez Gallaway, his wife, William R. Wolfberg and Joan B. Wolfberg, his wife, Arthur W. Retzlaff and Maxine Retzlaff, his wife, J. A. Terrell and Grace Virginia Terrell, his wife, Carl Galler and Sylvia A. Galler, his wife, Ben S. Eicher and Beulah Eicher, his wife, William J Bunt and Patricia V. Bunt, his wife, John W. Flint and Fannie W. Flint, his wife, Robert O. Turner and Doris A. Turner, his wife, Mudge I. Lieberman and Margaret I. Lieberman, his wife, H. C. Kullmann and Winnie M. Kullmann, his wife, Richard H. Crary and Mary L. Crary, his wife, and J. Frank Rice and Alice L. Rice, his wife, *Appellees,* v. Frank H. Purcell, individually, Violet Purcell, individually, Florence Roskam, sole legatee and devisee of Art Roskam, deceased, Frank H. Purcell, co-partner and surviving partner of Frank H. Purcell Construction Co., a general partnership, Violet Purcell, wife of Frank H. Purcell, and Florence Roskam, widow of Art Roskam, deceased, *Defendants,* and Frank H. Purcell, *Appellant.*

(258 P. 2d 849)

Opinion filed June 6, 1953.

*Harold T. Beck,* of Wichita, argued the cause, and *John E. Boyer, George J. Hondros, Paul J. Donaldson* and *Kenneth P. Stewart,* all of Wichita, were with him on the briefs for the appellant.

*Harold A. Zelinkoff,* of Wichita, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This appeal is from an order overruling a demurrer to a petition in an action to recover for alleged breach of warranty arising out of transactions for the sale of real estate.

The defendant, Frank H. Purcell, platted an addition to the city of Wichita and constructed houses thereon. Between November, 1950, and May, 1951, he sold thirteen of the houses to thirteen separate purchasers. Each transaction was separate and distinct, the sales were made on different dates and were evidenced by separate deeds of conveyance. In the promotion of this venture, and as an added inducement to prospective purchasers of the residence porperties, including the thirteen purchasers here involved, Purcell stated that all special assessments in such addition would be paid by him.

In the meantime the city proceeded to pave a street in or adjacent to the addition, and the thirteen purchasers in question were notified by the taxing authorities of the special paving-tax assessment levied against their respective properties. The amounts assessed against each of them varied from $235.23 to $309.20. Purcell re-

fused to pay the special assessments so levied, whereupon the thirteen purchasers and their spouses joined as plaintiffs in this action to recover from him the individual amounts assessed against their respective properties.

Defendant demurred to the petition on the ground that several causes of action were improperly joined (G. S. 1949, 60-705, Fourth).

This demurrer was overruled and defendant has appealed.

Several sections of our code of civil procedure are pertinent to the question involved. All references are to G. S. 1949.

(60-410) "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."

(60-412) "Of the parties to the action, those who are united in interest must be joined, as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

(60-413) "When the question is one of common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

(60-601) "The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

By the language of 60-410 it is obvious that all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs. Under 60-412 those who are united in interest must be joined as plaintiffs or defendants, and under 60-413, when the question is one of common or general interest of many persons, one or more may sue or defend for the benefit of all. 60-601 permits several causes of action to be united in the same petition, provided the causes of action so united affect all of the parties to the action.

The matter therefore narrows down to the question whether all of these thirteen purchasers have an interest in the subject of the action and in obtaining the relief demanded, and whether the thirteen separate causes of action affect all of the parties to the action.

From the petition it is of course clear that the transactions under consideration were similar in nature, that is, each particular plaintiff bought his property in reliance upon the alleged statement and warranty on the part of defendant vendor that all special assessments would be paid by the latter. To that extent all thirteen

plaintiffs have a common interest in the subject of the action and in obtaining the relief demanded, namely, a judgment against defendant for the amount of the special taxes levied against their separate respective properties. However, it cannot be said that the separate causes of action affect all parties as is required by 60-601. In other words, each plaintiff is concerned only with recovering the amount assessed against his separate property—none is concerned with whether his co-plaintiffs recover for their respective assessments. The causes of action, therefore, do not affect all of the parties to the suit.

In *Dunn v. Mortgage Co.*, 113 Kan. 169, 213 Pac. 655, it was held:

"Several plaintiffs brought an action and complained that each was induced to buy stock in a corporation by fraudulent representations, and asked for the cancellation of their individual subscriptions and the return of the money which each had paid for the stock, and it appeared that the sales were distinct and separate transactions made at different times and by different defendants under varying circumstances, to the different plaintiffs, and where the causes of action, although somewhat similar in kind, do not affect all the parties, *held,* that the plaintiffs may not unite the several causes of action in the same petition." (Syl.)

In *Oil & Gas Co. v. Holland,* 114 Kan. 863, 220 Pac. 1044, it was held:

"Numerous persons defrauded by identical false representations made by the same tort feasor in the sale of shares of an oil and gas lease, may not join their causes of action for damages in one petititon." (Syl.)

See also the case of *Harrod v. Farrar*, 68 Kan. 153, 74 Pac. 624.

In support of the lower court's ruling plaintiffs rely upon what was said in *Gillet v. Investment Co.*, 111 Kan. 755, 207 Pac. 843. It is noted that in that case plaintiffs were tenants in common of an oil and gas lease and joined in the action for damages against the lessee and his assignees to recover damages for breach of an express covenant contained in the lease, and, as was stated in the opinion, the joinder did not consist in uniting several causes of action different in nature, unrelated to each other, and affecting the parties in different ways, but rather was a joining of several plaintiffs in presenting a common cause of action for relief on account of a common injury, measured by damages in a common sum and in which each plaintiff had a share. It was held that the breach of the covenant as to one tenant in common was a breach as to all, and therefore the joinder was not improper.

As has been pointed out, however, that is not this case. Here we

have thirteen separate plaintiffs, each of whom purchased his property from defendant in a separate and distinct transaction, evidenced by separate deeds executed on different dates. Their complaints against defendant are of course substantially identical, but the fact remains each is concerned only with recovering the particular amount of special tax assessed against his separate piece of property. No plaintiff is affected by the cause of action of any other, or interested in the relief sought by any other. Within the meaning of 60-601 the thirteen causes of action do not affect all of the parties to the suit and were improperly joined.

For the reasons stated the demurrer to the petition should have been sustained and the ruling of the lower court is therefore reversed.