No. 40,452

JOHN W. CRISLER et al., *Appellees*, v. C. K. PACKING COMPANY, INC., a Corporation, *Appellant*.

(309 P. 2d 703)

Opinion filed April 6, 1957.

*Thomas M. Lillard, Jr.*, of Salina, argued the cause, and *Jason K. Yordy*, of Salina, was on the briefs for the appellant.

*Russell Cranmer*, of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, A. Wayne Murphy, Bernard V. Borst, D. Clifford Allison* and *Gerald D. Lasswell*, all of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from the order of the trial court overruling demurrer of defendant (appellant) to petition of plaintiffs (appellees) on the ground that several causes of action were improperly joined.

The defendant is a meat packing company incorporated under the laws of this state. The plaintiffs (appellees), forty-five in number, were employed by the defendant and were members of the Amalgamated Meat Cutters and Butcher Workmen of North America, Local Union No. 354, hereinafter referred to as "Union." The petition alleged that on June 14, 1954, the Union, in behalf of its

members, negotiated a contract with certain officers and agents of defendant wherein all employees were granted a ten cents per hour blanket increase. Subsequently, the defendant's officers asserted that the plant could not operate at the increased wage rates. On June 21, 1954, the Union, by its officers and in behalf of its members, entered into a supplemental agreement with officers of defendant which provided the wage scale was to revert to that scale prior to the ten cents per hour increase. This agreement further provided the defendant was to keep the business in operation and in the event the defendant ceased operation, the employees, who are the plaintiffs herein, would be paid ten cents per hour for all hours worked after June 21, 1954. The defendant continued operating the business as usual until the month of July, 1955, at which time the number of employees was reduced from fifty to nine. The defendant ceased operation and the plant was closed on October 12, 1955. These forty-five plaintiffs brought this action to recover in one action payment at ten cents per hour for the hours worked by each plaintiff between June 21, 1954, and October 12, 1955, which results in varying sums.

The only question to be decided is whether the contract entered into by the officers of the Union as agents for the employees and with the defendant is to be construed as vesting a separate right in each individual and hence a separate cause of action, or whether the contract results in only one cause of action accruing to all the employees. We held in *Ryan v. Ryan*, 156 Kan. 348, 133 P. 2d 119, that an individual employee could base his cause of action on a contract negotiated by collective bargaining. Because of the result announced in that case, this court is bound by *stare decisis* to hold that the contract in question vested separate causes of action in each employee working under the contract. There being separate causes of action it follows that they cannot be joined in one action because no one party will be affected by the recovery of any other party as required by G. S. 1949, 60-601, which provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore dominated legal or equitable, or both. But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

Plaintiffs contend that all the parties must recover or none can recover and hence each is affected by all the causes of action herein united. The error in this position is that the parties by pleading

identical causes of action all have an interest in the subject of the action, but they do not have an interest in all the relief to be obtained. This requirement must be met to join more than one cause of action in the same petition. An analysis of this statute and of the decisions of this court was dealt with in *Gallaway v. Purcell,* 174 Kan. 659, 258 P. 2d 349, and needs no further discussion here.

Plaintiffs cite several cases which they contend support their position that the causes of action pleaded in their petition may be joined. Nothing would be gained by an analysis of each case. Suffice it to say that in the cases where this court has allowed joinder, the reason was because each cause of action represented an interest in a whole sum to be recovered and not a separate sum to separate parties, as sought in this case.

It follows that the judgment of the trial court is reversed and the case is remanded with instructions to sustain defendant's demurrer to plaintiffs' petition.

It is so ordered.