No. 40,980

HENRY C. WATKINS and ESTELLA F. WATKINS, *Appellees,* v. THE CITY OF EL DORADO, BUTLER COUNTY, KANSAS, a Corporation, *Appellant.*

(327 P. 2d 877)

Opinion filed July 7, 1958.

*R. C. Woodward* and *M. F. Litras,* both of El Dorado, argued the cause, and *H. Pauline Woodward,* of El Dorado, was with them on the briefs for the appellant.

*Allyn M. McGinnis,* of El Dorado, argued the cause, and *Walter F. McGinnis,* of El Dorado, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order of the district court overruling demurrers to an amended petition in an action to recover damages from the City of El Dorado for alleged negligent operation of its sewage disposal plant.

On September 9, 1955, Henry C. Watkins and Estella F. Watkins filed a written claim for damages with the City Clerk of El Dorado which, omitting formal allegations of ownership of a farm, consisting of ninety-five acres, and a metes and bounds description of the real estate, reads:

"All containing ninety-five (95) acres, more or less; claim damages against the City of El Dorado in the sum of Five Thousand and no/100 ($5,000) Dollars for injuries to their property and persons, by reason of the negligence of said City, its officers and employees.

"That the injuries complained of are the diminution in the value of the claimants' farm, described above and injuries to the claimants' health and well being.

"Said injuries are a direct result of the negligent operation of the sewage disposal plant of the said City. Such negligence consists of the discharge of improperly treated and non-treated sewage into the Walnut River at a point immediately West and North of the above described farm of these claimants. That such sewage is discharged into and upon the said river in amounts greater than the amount of water in the said river, that said river has ceased to flow and that great amounts of raw and partially treated sewage have accumulated in the said river's bed adjoining and West and North of the farm of these claimants. That said sewage is a menace to the health and well being of these claimants; that foul and noxious odors arise from said sewage and pass onto and over the farm of these claimants; that said river has become a breeding place for swarms of flies, mosquitos and other noisome insects, becoming at times almost unbearable and putting these claimants in fear of their health and materially decreasing their enjoyment of their property.

"These claimants are entitled to the use and enjoyment of their property and home and entitled to have the air pure and free from contamination by the said City.

"That said injuries have been sustained through no fault of the claimants and solely through the negligence of the said City, its officers and employees.

"This claim covers the three (3) months immediately preceding the date hereof.

"Dated this 7th day of September, 1955."

The City took no action on the foregoing claim. Thereupon, and on October 20, 1955, more than thirty days after it had been filed with the City Clerk, plaintiffs commenced this action in the district court by the filing of a petition in one cause of action which, it may be stated, contains general recitals of the facts on which they rely for relief and includes a full and complete copy of such claim.

The defendant City challenged the petition by a motion to require plaintiffs to separately state and number the several causes of action therein combined and to itemize and set forth the amounts claimed as damages in each. This motion was sustained. Thereupon plaintiffs filed an amended petition which, omitting its prayer; allegations respecting the filing of the claim in question with the City Clerk; and formal recitals of the first and second paragraphs of its first cause of action, relating to the status of the parties, ownership and occupancy by the plaintiffs of a farm located adjacent to the city limits, and the legal description of that property, reads:

"FIRST CAUSE OF ACTION.

"3. That the defendant has constructed and now operates a sewage disposal plant, located immediately West and North of the Plaintiffs and that the defendant has operated said sewage disposal plant for more than one year immediately prior to the 9th day of September, 1955.

"4. That said disposal plant is located upon the North side of the Walnut

River at a point where said river forms the Northwest boundary of Plaintiffs' farm. That the effluvia of said plant is discharged into and upon the waters of said river at the point on said river aforesaid.

"5. That the County of Butler in the State of Kansas and the entire drainage area of the Walnut River in said County and State has suffered a prolonged drought. That as a result of said drought the river aforesaid has ceased to flow.

"6. That for more than three months immediately preceding the 9th day of September, 1955, a great amount of raw and partially treated sewage has been negligently and wilfully dumped and discharged into, and has accumulated in, the bed of the said Walnut River at the point adjoining Plaintiffs' farm aforesaid.

"7. That said sewage is a nuisance and a breeding place for flies, mosquitoes and other vermin and is a menace to health. That foul and obnoxious odors arise from said sewage and pass onto and over the farm of the Plaintiffs' becoming, at times, almost unbearable.

"8. That by reason of the above and foregoing the value of Plaintiffs' property has been substantially depreciated in an amount reasonably of Two Thousand ($2,000.00) Dollars.

"SECOND CAUSE OF ACTION.

"1. That for their Second Cause of Action herein the Plaintiffs renew each and every allegation heretofore set out herein as constituting their first cause of action.

"2. That as a result of the flies, mosquitoes and other vermin breeding and arising from the accumulated sewage aforesaid and the vile and revolting odors arising therefrom are a menace to Plaintiffs' health and have put them in fear for their health and that the intense discomfort generated by the insects, other vermin and odors has materially affected Plaintiffs' enjoyment of their home.

"3. That plaintiffs have an absolute right to enjoy their home and to have the air about said home pure and free from contamination by this Defendant, its officers and employees.

"4. That the wilfull negligence of the Defendant has resulted in material damage to Plaintiffs' enjoyment of their home, has caused illness to plaintiffs and members of their family and jeopardized their health and that by reason thereof the Plaintiffs are reasonably entitled to the sum of Three Thousand ($3,000.00) Dollars as compensation therefor."

Defendant first demurred to the amended petition on the ground that pleading failed to state facts sufficient to state a cause or causes of action against it in that there was not substantial compliance with G. S. 1949, 12-105 because plaintiffs had failed to set out in their claim either the time or place of the injury for which recovery was sought in the petition. When this demurrer was overruled, on the ground the notice of claim filed with the City Clerk was in substantial compliance with the requirements of such statute, defendant asked leave and obtained permission to file a second demurrer.

Upon the granting of this plea they filed a demurrer to the petition on grounds that (1) there was another action pending between the same parties for the same cause; (2) several causes of action were improperly joined; and (3) the petition failed to state facts sufficient to constitute a cause of action in favor of plaintiffs and against the defendant. This demurrer was also overruled. Thereupon defendant perfected an appeal from the rulings on both demurrers.

At the outset it should be stated appellant concedes the question whether there is another action pending between the same parties for the same cause does not appear from the face of the challenged pleading, hence the trial court correctly overruled the first ground of its demurrer. Thus it appears the appellate issues are restricted to questions relating to misjoinder of causes of action and the legal sufficiency of the amended petition.

The first claim made by appellant is that several causes of action are improperly joined in the second cause of action of the amended petition, hence the trial court should have sustained the demurrer to such cause of action. This claim presents an unusual situation in that the parties are far apart in their views respecting the force and effect to be given the allegations of the challenged cause of action. On the one hand appellant contends that under their allegations the appellees have stated a cause of action for damages for separate and distinct injuries to each appellee, hence two causes of action are stated in one. On the other appellees insist that under such allegations they have pleaded a joint cause of action for damages for interference with the use and enjoyment of that property as their home. Let us see.

Appellees' rights of recovery are based on, and they are bound by, the statutory (G. S. 1949, 12-105) claim they were required to file with the City Clerk as a condition precedent to the maintenance of any action against the City. (*McGinnis v. City of Wichita*, 180 Kan. 608, 306 P. 2d 127, and cases cited at page 610 of the opinion.) Resort to the claim, which for purposes of emphasis we again point out was attached to and made a part of the petition, discloses the injuries therein relied on are "That the injuries complained of are the diminution in the value of the claimants' farm, described above and *injuries to the claimants' health and well being.*" (Emphasis supplied.) Therefore they cannot now be heard to say, as in effect they do, that they have abandoned their claim for injuries of the character above emphasized as the basis for relief in their second

cause of action and instead rely on injuries of an entirely different nature, namely, interference with their joint use and enjoyment of the property in question. In other words, the petition cannot vary statements made in their claim.

Thus we come to the question whether appellees may unite in one joint cause of action claims for damages for injuries to their respective health and well being. It may be added that with respect to such question we have no difficulty in concluding the involved claims are separate, distinct and necessarily personal to each appellee. In other words conceding appellees' complaints, limited as heretofore indicated, against the appellant in the second cause of action are identical, the fact remains that each appellee is concerned only with recovering damages for his own personal injuries without regard to those sustained by the other. Indeed in this connection it should be pointed out that in their brief, and notwithstanding inconsistent arguments to the contrary, appellees expressly concede "the instant case is one for permanent damages to land, as distinguished from buildings and/or crops, etc., joined with an action for personal injuries." Under such conditions and circumstances there can be no doubt that this court, in construing the force and effect to be given the provisions of G. S. 1949, 60-601, and earlier provisions of our code of civil procedure of like import, has long held that causes of action are improperly joined and subject to a demurrer based on that premise.

See the early case of *Hurd v. Simpson,* 47 Kan. 372, 27 Pac. 961, where it is said:

"And under § 83, article 7, of the civil code, (now G. S. 1949, 60-601), 'the plaintiffs *may unite several causes of action* in the same petition;' but, in order that they may do so, these 'causes of action,' must all belong to one of the several classes of actions mentioned in said section, 'and must affect all the parties to the action, except in actions to enforce mortgages or other liens.' Now, where each of two plaintiffs has a separate cause of action, the separate cause of action of one of the plaintiffs would certainly not in any manner *affect* the other plaintiff; hence, under said § 83 of the civil code, such two separate 'causes of action' could not be united in one and the same action. But if they should be so united, then there would be an improper joinder of causes of action. (Jeffers v. Forbes, 28 Kan. 174.) And the question whether they could be so united or not might properly be raised by a demurrer to the petition, where the facts showing the same appear upon the face of the petition . . ." (p. 374.)

For a comparatively recent decision of like import, where the same subject is considered and discussed at length with reference

to pertinent statutes of our code of civil procedure and applicable decisions, see *Gallaway v. Purcell*, 174 Kan. 659, 258 P. 2d 349.

See, also, *Crisler v. C. K. Packing Co.*, 181 Kan. 118, 119, 120, 309 P. 2d 703.

In view of the foregoing decisions and what has been stated and held we are constrained to hold the trial court should have sustained appellant's demurrer to the second cause of action on the ground causes of action were improperly joined.

The conclusion just announced means that the appellees cannot jointly maintain a cause of action or recover for their respective personal injuries in this action. On that account it is neither necessary, required nor proper that we here discuss or determine questions raised by appellant respecting whether the allegations of the second cause of action are sufficient to state a cause of action. Indeed, to do so would lead to an academic discussion upon abstract questions which do not arise on existing facts or rights. Such a situation calls for application of the long established rule of this court that it will not consider or decide questions whose determination would be without any practical legal effect. For decisions where this rule is stated, discussed and applied see West's Kansas Digest, Appeal and Error, § 843(1).

Although the point is not stressed appellant suggests, at least by inference, that misjoinder of two causes of action in the second cause of action requires the sustaining of its demurrer to all causes of action set forth in the petition on grounds of misjoinder. We do not agree. Where, under conditions and circumstances such as are here involved, one cause of action must be ruled out on a demurrer and only one cause of action remains, the latter is not necessarily defective for misjoinder with the cause which succumbs to the demurrer. (*Campbell v. Durant*, 110 Kan. 30, 202 Pac. 841.)

Having determined appellees cannot maintain their second cause of action we come to the question whether their first cause states a cause of action. That, as we have previously pointed out, is for damages, sustained by reason of the facts and conduct of the appellant as set forth in the petition, for diminution in the value of their farm in which they have a common ownership.

Decisive questions raised by appellant with respect to the issue now under consideration deal with the provisions of G. S. 1949, 12-105, which reads:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three months thereafter and prior to the bringing of the suit file with the city clerk *a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto.* Such city shall have thirty days from the time of the filing of such statement to make settlement with the claimant if it so desires." (Emphasis supplied.)

Directing our attention to *McGinnis v. City of Wichita,* supra; *Howell v. City of Hutchinson,* 177 Kan. 722, 282 P. 2d 373; *Wildin v. City of Hutchinson,* 177 Kan. 671, 282 P. 2d 377; *Hibbs v. City of Wichita,* 176 Kan. 529, 271 P. 2d 791, and the numerous cases cited in the opinions of those decisions, appellant points out that this court has long been committed to the proposition that the provisions of the foregoing statute establish conditions precedent to the maintenance of an action against a municipality on account of injuries to persons or property; and that it is incumbent upon any person seeking to maintain such an action to affirmatively plead substantial compliance with the requirements of its provisions in order to state a cause of action against the city. The foregoing decisions so hold and we proceed upon that premise.

Specifically, appellant contends that appellees' claim, which is attached to and made a part of their petition, as filed with the City Clerk, wholly fails to state the time of the happening of the injuries received in that it is completely barren of any assertion as to when such injuries occurred, either as to a specific date or time or as to the continuous happening thereof; and that the only averment of the claim which might be construed to comply with that vital element, is the following:

"This Claim covers the three (3) months immediately previous to the date hereof."

In further support of its position appellant asserts that under the language just quoted the injuries complained of may have occurred on one day, may have occurred on successive days, may have been continuous throughout the three months period, or may have occurred prior to the commencement of such period of time; insists the fact the claim was made for damages during and covering such period is not to be considered as an assertion that such injuries occurred throughout or during such three months period; and contends that in any event so far as it relates to the fixing of a date on which the injuries occurred such language is not to be

construed as substantially complying with the requirements of the statute.

Careful consideration has been given all contentions advanced by appellant with respect to its position the claim filed by appellees with the City fails to state the time of the happening of the injuries therein set forth and described. Mindful that this is an action to recover damages for alleged negligent operation of appellant's sewage disposal plant as a continuing nuisance and that the claim filed with the City Clerk contains express language reciting that it covers the three months immediately prior to the date on which such claim was filed the court has concluded such language is to be construed as stating that the injuries complained of were continuous and occurred on all days of the three months period immediately preceding the date on which such claim was filed (September 9, 1955). With the claim so construed, we have no difficulty in further concluding that the amended petition, which includes such claim by reference, affirmatively pleads substantial compliance with the essential requirements of the provisions of G. S. 1949, 12-105, establishing conditions precedent to the maintenance of an action such as is here involved. It follows claims made by appellant to the effect the portion of the pleading now under consideration fails to state a cause of action cannot be upheld.

In view of what has been heretofore stated and held the judgment of the trial court in overruling the demurrer to the second cause of action of the amended petition is reversed with directions to sustain such demurrer and its judgment overruling the demurrer to the first cause of action of such pleading is affirmed.

It is so ordered.