No. 43,908

DANNY L. GARDNER, a minor, by and through Evanne Gardner, Mother, Natural Guardian and Next Friend, *Appellant*, v. ERVIN E. PEREBOOM, *Appellee*.

(398 P. 2d 293)

Opinion filed January 23, 1965.

*Russell Cranmer*, of Wichita, argued the cause, and *Gerald L. Michaud*, *Orval L. Fisher* and *M. William Syrios*, all of Wichita, were with him on the briefs for the appellant.

*Robert M. Siefkin*, of Wichita, argued the cause, and *D. M. Ward*, of Peabody, *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard, Charles J. Woodin, Mikel L. Stout, Ronald K. Badger* and *Benjamin C. Langel*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from an action for damages resulting from injuries sustained in an automobile collision at a street intersection.

The facts necessary to present the limited issue to be considered may be abbreviated.

The plaintiff, Danny L. Gardner, a 14 year old boy, was riding in an automobile being driven by his 16 year old brother, John, on the evening of May 30, 1961. They proceeded north on Hillside Street to where it intersects George Washington Boulevard, Wichita, Kansas. As they approached the intersection the signal light turned

green for north-bound Hillside traffic and they proceeded into the intersection. At the same the defendant, who was proceeding south on Hillside Street, entered the intersection and made a left hand turn. A collision occurred between the automobiles at the southeast quadrant of the intersection.

Separate actions were brought by each of the two boys, Danny L. Gardner and John A. Gardner, III, by and through their mother, Evanne Gardner, as their natural guardian and next friend, to recover damages for their personal injuries. A separate action was also brought by the mother, Evanne Gardner, to recover damages by reason of the loss of services of Danny L. Gardner and expense for his medical care and treatment. The claim for loss of services was later withdrawn.

After the issues were framed by the pleadings in each individual case Ervin E. Pereboom, the defendant in each case, filed a motion to consolidate the three separate cases. Arguments were presented on the motion following which the lower court entered an order consolidating the cases for trial.

The cases proceeded to trial which for all practical purposes was conducted as one case in three counts. The jury returned a verdict "in favor of the defendant, Ervin E. Pereboom, and against the plaintiffs," which was approved by the court. Motions for a new trial on behalf of each plaintiff were overruled and appeals were taken. The present controversy involves the appeal of Danny L. Gardner.

The appellant first contends that the trial court erred in consolidating the three separate cases for trial. We are forced to conclude that the consolidation was erroneously ordered.

At the time the cases were tried the statute pertaining to consolidation of actions read:

"Whenever two or more actions are pending in the same court *which might have been joined,* the defendant may, on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated, and if no cause be shown the said several actions shall be consolidated. . . ." (Emphasis supplied. G. S. 1949, 60-765.)

It will be noted that actions which are to be consolidated are those which "might have been joined." The reason for this provision is apparent when the effect of a consolidation under the provisions of the statute are considered. In *Western Shale Products Co. v. City of Fort Scott,* 175 Kan. 643, 266 P. 2d 327, we held:

"The effect of a consolidation of two or more actions under G. S. 1949, 60-765 is to unite and merge them into a single action for the purpose of all

future proceedings the same as though the different causes of action had been joined in a single action." (Syl. 7.)

We look to G. S. 1949, 60-410 to determine who may be joined as plaintiffs:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."

The joinder is also prohibited by G. S. 1949, 60-601 which provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of such action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

Individuals suing for damages resulting from injuries incurred in the same automobile collision do not have an interest in the same subject matter. Each is suing for his own personal injuries. Neither are they interested in the same relief. Each in interested in relief for his own personal injuries. The question was before us in the recent case of *Fields v. Anderson Cattle Co.*, 193 Kan. 558, 396 P. 2d 276, where it was said at page 562:

"Insofar as appellants claimed damages for injuries to their respective health and mental well being the claims are separate, distinct and necessarily personal to each other. Each appellant is concerned only with recovering damages for his own personal injuries without regard to those sustained by the other. The claims on which the causes of action so united are based do not affect all the parties to the action and their joinder is prohibited by G. S. 1949, 60-601.

"The question was before this court in *Watkins v. City of El Dorado*, 183 Kan. 363, 327 P. 2d 877, and it is stated on page 367 of the opinion:

" 'Thus we come to the question whether appellees may unite in one joint cause of action claims for damages for injuries to their respective health and well being. It may be added that with respect to such question we have no difficulty in concluding the involved claims are separate, distinct and necessarily personal to each appellee. In other words conceding appellees' complaints, limited as heretofore indicated, against the appellant in the second cause of action are identical, the fact remains that each appellee is concerned only with recovering damages for his own personal injuries without regard to those sustained by the other. Indeed in this connection it should be pointed out that in their brief, and notwithstanding inconsistent arguments to the contrary, appellees expressly concede "the instant case is one for permanent damages to land, as distinguished from buildings and/or crops, etc., joined with an action for personal injuries." Under such conditions and circumstances there can be no doubt that this court, in construing the force and effect to be given the provisions of G. S. 1949, 60-601, and earlier provisions of our code of civil procedure of like import, has long held that causes of action are im-

properly joined and subject to a demurrer based on that premise.'" (See, also, *Dunn v. Mortgage Co.*, 113 Kan. 169, 213 Pac. 655; *Oil & Gas Co. v. Holland*, 114 Kan. 863, 220 Pac. 1044; *Crisler v. C. K. Packing Co.*, 181 Kan. 118, 309 P. 2d 703.)

The appellee contends that the separate actions were consolidated for trial only and calls our attention to *Lardner v. Cook*, 152 Kan. 266, 103 P. 2d 849, where it is stated:

"The actions being filed in the district courts of Linn and Bourbon counties were not pending in the same court, but in separate and distinct courts. They could not have been joined as one action, as they did not all involve the same parties nor the same res. Obviously then the stipulation did not create one lawsuit out of four. The actions remained separate and distinct so far as dockets, judgments and appeals were concerned. . . ." (p. 270.)

There was no attempt in the Lardner case to consolidate the actions as one; rather, the parties agreed with the consent of the court that the decision in one action should determine the decision in all of the other actions. In the case now before us the cases were tried as one case with three counts. There was but one verdict and one judgment.

Appellee next contends that the appellant is not entitled to raise the question of consolidation in this appeal because the alleged error was not raised on his motion for a new trial.

The appellant suggests that the error was included in his motion for a new trial under the part which read: "because of erroneous rulings and instructions by the court." We need not pause here to consider the merits of this contention. It will suffice to say that an order made on a motion directed at the pleadings is not a trial error and need not be included in the motion for a new trial as a prerequisite to review by this court. The distinction between orders on motions and trial errors necessitating motions for a new trial before review is clearly set out in *Federal Land Bank v. Richardson*, 146 Kan. 803, 73 P. 2d 1005 and *McDermott v. Halleck*, 65 Kan. 403, 69 Pac. 335.

A new trial authorized by motion is defined by G. S. 1949, 60-3001 as follows:

"A new trial is a reëxamination in the same court of an issue of fact after a verdict by a jury, report of a referee or a decision by the court. . . ."

A motion addressed to the pleadings such as a motion for consolidation of actions, or the dismissal of an action because of a misjoinder, does not result in a trial error, but if erroneous, results in

an error before the trial has begun. The question was fully discussed in *Wagner v. Railway Co.*, 73 Kan. 283, 85 Pac. 299 as follows:

"From this language it is plain that a motion for a new trial has no function to perform unless an issue of fact has been fully determined and the determination has been embodied in one of three specified forms. Not only must there have been a trial, a judicial examination of the issues of fact, but those issues must have been definitely settled by the verdict of a jury or its equivalent, final and conclusive upon the facts unless vacated. Until that stage of the proceedings in an action has been reached the condition precedent to the filing of a motion for a new trial does not arise; the single circumstance capable of creating a field for its operation has not occurred; the only subject-matter vulnerable to its attack does not exist.

"There is no such thing as a new trial of issues of law. Questions relating to the determination of those issues may be investigated by this court without previous reexamination by the trial court." (p. 284.)

". . . If it be claimed that error of law has been committed so that the proceeding has fallen short of a verdict, report or decision upon the facts, the aggrieved party may ask this court to secure to him, not a new trial, but a trial in the complete sense of the term; not a reexamination of the issue of fact, but an initial examination of the issues of fact, which shall be continued until it reach the point of actual consummation for such proceedings. There must always be a 'former' verdict, report or decision determinative of issues of fact to be vacated before there can be a new trial, or any necessity for a motion for a new trial.

"When judgment is rendered on the pleadings there can be no trial of the issues of fact, no verdict, and no motion for a new trial is required. (*Land Co. v. Muret*, 57 Kan. 192, 45 Pac. 589.) . . ." (p. 285.)

The appellee further suggests that there is no showing or prejudice because of the consolidation and that the errors should be disregarded under the provisions of G. S. 1949, 60-3317 which directs the appellate court to disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the complaining party. We cannot say as a matter of law that an order of the district court made in direct violation of a statutory provision is a mere technical error.

Appellee suggests the question of consolidation is moot because a different rule applies under the provisions of the new code (K. S. A. 60-242). The appellant had a right to try his case under the law as it existed at the time the case was tried. It might also be suggested that the question of the necessity of a motion for a new trial is moot because a motion for a new trial is not a prerequisite to the review of a trial error under the new code. This opinion will afford no precedent for the future, the rights of the parties must be determined as of the time the case was tried.

The judgment is reversed with instructions to grant the plaintiff, Danny L. Gardner, a separate trial of the issues framed by the pleadings in his case.

APPROVED BY THE COURT.

SCHROEDER, J., dissenting: In my opinion the appellant has failed to make it affirmatively appear from the record that the trial court committed prejudicial error.

On the record presented by this appeal the law set forth in the court's opinion has no application.

In the lower court the appellee moved the court for an order consolidating three cases (Case Nos. 13,329, 13,330 and 13,331, in two of which separate appeals have been perfected to this court. The appellant in each of the three cases was represented by the same counsel in the trial court and in the appeals to this court.) *"for trial for the reason that the interest of justice will be served by such consolidation, and that a failure to consolidate the three cases will only resolve in higher expenses to all parties and the court in the trial of the issues."* (Emphasis added.)

The trial court sustained the motion to consolidate and entered an order dated the 27th day of September, 1963, to that effect. The "Order of Consolidation" recited that "arguments" were presented on the motion.

If it could be said the record discloses an objection to the consolidation, it must arise from such recital in the order, and then only by a strained construction of the word "arguments." Upon argument of the case before this court counsel for the appellee contended there was no disagreement between counsel as to the consolidation of these cases in the lower court. The difference of opinion between counsel for the respective parties on this point must be resolved by the record presented, and in my opinion the mere recital that there were "arguments" on the motion to consolidate is insufficient to disclose any objection by the appellant to the consolidation of these cases. The burden is upon the appellant to affirmatively disclose an objection by a sufficient record on appeal.

Nothing further appears in the record to disclose any objection to the consolidation of these cases. In this connection, attention is invited to the "Findings and Order of Pretrial Conference." Under the heading "Jurisdiction" in such order the court noted all parties were in the district court of Marion County, Kansas, and recited:

"The Court ordered consolidation of all three of the above captioned cases."

Under the heading "Contested Issues of Law" in the pretrial order the consolidation of the three cases was not mentioned as an issue in controversy. The issues specified were: (a) negligence on the part of the defendant; (b) contributory negligence on the part of the *plaintiffs;* and (c) the question of joint venture as to the *plaintiffs.*

Attention is also invited to instruction No. 8 given by the court. It reads:

"You are instructed that it is your duty as jurors in this matter to determine the following facts:

"1. Whether the defendant, Ervin E. Pereboom, was guilty of any negligence which was a proximate cause of the collision.

"2. Whether the plaintiff John A. Gardner III was guilty of any negligence which was a proximate cause of the collision.

"3. Whether the plaintiff, Danny L. Gardner, was guilty of any negligence which was a proximate cause of the collision.

"Having considered the above three items, then the following instructions are given you to help guide you to a decision in this matter, to-wit:

"*First:* If you find from the evidence that the sole and only proximate cause of the accident was negligence of Ervin E. Pereboom, and that neither John A. Gardner, III or Danny L. Gardner was guilty of any negligence which was a proximate cause of the accident, then you should return a verdict for John A. Gardner, III, in his case for whatever injury and damages, if any, you find he suffered as a result of the collision.

"You should likewise return a verdict on behalf of Danny L. Gardner, in his case, for whatever injury or damage, if any, you find he suffered as a result of the accident.

"You should likewise return a verdict in favor of Evanne Gardner for the medical expenses, if any, you find that she has incurred in behalf of Danny Gardner.

"*Second:* If you find from the evidence that the sole and proximate cause of the accident was the negligence of John A. Gardner, III, and that Ervin E. Pereboom was not guilty of any negligence which was a proximate cause of the accident, then you should simply return a verdict in favor of Ervin E. Pereboom and against all of the plaintiffs, to-wit: John A. Gardner, III, Danny L. Gardner, and Evanne Gardner.

"*Third:* If you find from the evidence that the accident was caused proximately by the negligence of both John A. Gardner, III, and the defendant, Ervin E. Pereboom, and that plaintiff Danny L. Gardner was not guilty of contributory negligence which was a proximate cause of the accident or his injuries, if any, then in that event, you should bring in a verdict for Danny L. Gardner in the amount of the damages, if any, that he received in the accident. In the event you find in favor of Danny L. Gardner, you should then also bring in a verdict for Evanne Gardner in the amount of the medical expenses, if any, she had on behalf of Danny L. Gardner.

*"Fourth:* If you find from the evidence that the accident was proximately caused by the combined negligence of Ervin E. Pereboom, John A. Gardner, III, and Danny L. Gardner, then the law will not assess the damages against any one of them, but will leave them where it finds them, and you should simply return a verdict in behalf of the defendant Ervin E. Pereboom and against all parties."

No objection having been made by either of the parties to this instruction, it became the law of the case insofar as the consolidation of the cases is concerned and as to the law stated therein.

Furthermore, the record does not disclose that instruction No. 8 was called to the trial court's attention as erroneous at the hearing on the motion for a new trial.

It is therefore respectfully submitted the record in the instant case fails to make an affirmative showing that the appellant objected to the consolidation of the three cases in question.

It is an established rule of this court that a party cannot invite error in the trial court and rely upon such error in the appellate court for a reversal of the judgment.

The trial court had jurisdiction of the parties and of the subject matter, and if it was error to consolidate these cases, the appellant has failed to make it affirmatively appear by the record that prejudicial error has been committed.

The evidence presented by the record was sufficient to support a verdict in favor of the appellee, Ervin E. Pereboom, and against the plaintiff in each of the three actions which were consolidated for trial. There was evidence from which the jury could find, and apparently did find, that the appellee was not guilty of any negligence which was a proximate cause of the collision.

It is therefore respectfully submitted the judgment of the lower court in the instant appeal should be affirmed.

Price and Fatzer, JJ., join in the foregoing dissent.